UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| SEAL ROCK TRAP COMPANY, INC.,<br>Plaintiff<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br>Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | IN ADMIRALTY<br><br><br>Civil Action No: 1:07-cv-88 |

**PLAINTIFF'S MEMORANDUM OF LAW**
**IN SUPPORT OF ITS MOTION TO AMEND COMPLAINT**

Pursuant to Fed. R. Civ. P. 15, and Local Rule Cv 7 and 15, the plaintiff, Seal Rock Trap Company, Inc., hereby submits its Memorandum of Law in Support of its Motion to Amend the Complaint, adding H.N. Wilcox Fishing, Inc., and N. Parascandolo & Sons, Inc. as plaintiffs to this action, as stated in the attached proposed Amended Complaint. For those reasons fully articulated below, the Plaintiff respectfully requests that this Honorable Court amend the complaint as such, as it is both necessary and required by justice given the circumstances of this case.

**FACTS**

The proposed Amended Complaint attached hereto differs from the Complaint originally filed only insofar that it adds the parties H.N. Wilcox Fishing, Inc., and N. Parascandolo & Sons, Inc. as party plaintiffs in this action; all other facts alleged in the original Complaint will remain the same. *Compare* Amended Complaint *with* Complaint. The reason why it is necessary to add these two other companies is that after the attorneys for both Plaintiff and Defendant have exchanged documents and discovery, it has become apparent to plaintiff's counsel that the accounting and business practices of H.N. Wilcox Fishing, Inc., N. Parascandolo & Sons, Inc.,

and Seal Rock Trap Company, Inc., are such that the three entities are essentially a single enterprise conducted by one family. Because the three companies are essentially one, insofar that they are engaged in a joint fishing venture, the damages alleged to have occurred to Seal Rock Trap Company, Inc. were also suffered by H.N. Wilcox Fishing, Inc. and N. Parascandolo & Sons, Inc. Further, the nature as to how these three companies act in concert makes it impossible to distinguish and allocate the total damages suffered as a result of the damaged fish trap individually to each company.

The original Complaint alleges that the USCGC IDA LEWIS negligently allided with a fish trap located off of Seal Rock in Rhode Island, and that this fish trap belonged to Seal Rock Trap Company, Inc. Seal Rock Trap Company, Inc., filed this action praying damages of both (1) cost of repair of the trap, and (2) lost fishing profits. All shareholders, officers and directors of Seal Rock Trap Company, Inc., H.N. Wilcox Fishing, Inc. and N. Parascandolo & Sons, Inc. are members of the Parascandolo family, and that these three companies are involved in a single fishing enterprise, the entirety of which has been damaged by the defendant's negligence. Indeed, where Seal Rock Trap Company, Inc. was the owner of the fish trap allegedly damaged, all of the catch derived from that fish trap would be tendered directly to N. Parascandolo & Sons, Inc. to be sold wholesale. Whenever Seal Rock Trap Company, Inc. would require capital (e.g. to purchase equipment, fishing permits, etc.), N. Parascandolo & Sons, Inc. would simply tender it to Seal Rock Trap Company. Moreover, where Seal Rock Trap Company "owned" the damaged fish trap. The trap was primarily tended to and repaired by H.N. Wilcox Fishing, Inc. and its employees.

Thus, because the business operations of the Parascandolo's three companies are so commingled, it would be impossible to attribute the suffered damages of lost profits and the

repair of the fish trap to solely Seal Rock Trap Company itself, as the profit from the trap's catch were directly realized by N. Parascandolo & Sons, Inc., and the repair and operation of the fish trap was conducted primarily by H.N. Wilcox Fishing, Inc.'s employees.

**ARGUMENT**

**I. THE COMPLAINT OUGHT TO BE AMENDED AS JUSTICE REQUIRES**

The requirement that motions to amend shall be freely given when justice so requires is a requirement that shall be heeded, which limits the discretion of the trial judge in deciding whether to deny a motion to amend a pleading. See *Foman v. Davis*, 371 U.S. 178, 182 (1962). Indeed, a motion to amend should be granted unless reasons therefor amount to "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. . . ." *Foman*, 371 U.S. at 182. This instance is not a characterization of these above reasons for denying a motion to amend, as the Plaintiff merely seeks to add new parties already aware to the Defendant because it has recently been discovered that the three companies owned and operated by the Parascandolo's, though different in name, are essentially the same enterprise that was allegedly damaged by the Defendant. Accordingly, Plaintiffs' motion to amend their Complaint adding these two new plaintiffs should be allowed.

In amending the Complaint, the Defendant would not be prejudiced in any way. The plaintiff is not seeking to amend its Complaint alleging any facts to which the Defendant is unaware. Indeed, the Defendant has been heretofore apprised as to the nature of the Parascandolo's fishing enterprise. Defendant has sought the tax, payroll, fishing permit, and vessel ownership data of all three of the Parascandolo's corporations in discovery, and the Plaintiff has been forthright with the Defendant's discovery requests in disclosing this

information. Moreover, the plaintiff does not seek any extra damages in adding the two additional parties; the plaintiff merely seeks to add the parties as plaintiffs because the damages already-prayed are such that they are suffered universally by all three companies and their business structure makes it impossible to distinguish and divide the total damages as to each company.

**CONCLUSION**

The foregoing reasons establish a need to amend the original Complaint adding N. Parascandolo & Sons, Inc. and H.N. Wilcox Fishing, Inc., and that adding these additional party plaintiffs would be in the interests of justice. Accordingly, the Plaintiff's motion to amend the complaint to that attached should be allowed.

Respectfully submitted,
Seal Rock Trap Company, Inc,
By its attorney,

/s/ Mark A. McSally

Mark A. McSally, Esq.
R.I. Bar ID#:3006
Kelly, Kelleher, Reilly & Simpson
146 Westminster St., Ste 500
Providence, RI 02903
Phone: (401) 272-1312
Fax: (401) 331-9397

**Certificate of Service**

I, Mark McSally, hereby certify I caused a true copy of the forgoing document to be served upon the clerk of the United States District Court in accordance with the applicable rules for electronic filing, this 7th day of February, 2008.

/s/ Mark A. McSally