UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| SEAL ROCK TRAP COMPANY, INC., Plaintiff, | ) | IN ADMIRALTY |
| v. | ) | Dkt. No.: CA 07-088T-LDA |
| THE UNITED STATES OF AMERICA, Defendant. | ) | |

**UNITED STATES MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO AMEND COMPLAINT**

Comes now the United States of America to oppose Plaintiff Seal Rock Trap Co. Inc.'s, Motion to amend its Complaint.

## INTRODUCTION

Nearly a full year after filing its original complaint, Seal Rock Trap Co. Inc., now seeks to amend its complaint to include H.N. Wilcox Fishing, Inc., and N. Parascandola and Sons, Inc., as additional Plaintiffs because "it has become apparent to plaintiff's counsel" the three companies are intertwined and essentially one enterprise. Plaintiff's motion should be denied because the proposed claimants are seeking to file their actions beyond the two year statute of limitation allowed for suit under the Public Vessels Act, 46 U.S.C. §31101, and Fed. Rule Civ. P. 15 requirements for relation back cannot be met.

FACTS

1. On March 28, 2007, Plaintiff Seal Rock Trap Co. Inc., filed its complaint against the United States. The Complaint alleges that on April 30, 2005, the United States Coast Guard Cutter IDA LEWIS negligently allided with plaintiff's fish trap in open water off the coast of Rhode Island, causing $411,892.20 damage.

2. On August 15, 2007, as a supplement to its initial disclosures, plaintiff supplied the United States with a calculation of its damages (Ex. 1). The calculation, indicated that an entity known as H.N. Wilcox had received an estimate for repairs for what could be a fish trap from Industrial Marine Marketing, nearly a year after the alleged incident. It further provided handwritten notes by an unidentified indiviual regarding squid and scup catch in 2003, 2004 and 2005.

3. On September 21, 2007, the United States issued Interrogatories and Requests for Production to Plaintiff seeking clarification of the amount of plaintiff's repair costs and lost profits (Ex. 2).

4. On November 30, 2007, plaintiff responded to the United States' Request for Production and Interrogatories. Plaintiffs Responses to Interrogatories and Requests for Production primarily directed the United States to the limited documentation provided in plaintiff's Initial Disclosures and provided twelve additional documents in response (Ex. 2). None of the documents produced provided information regarding the interrelations between Seal Rock Trap Co. Inc., and H.N. Wilcox Fishing, Inc., or N.

Parascandola and Sons, Inc. (Hereinafter "Seal Rock", "Wilcox" and "Parascandola," respectively). In fact, plaintiff's Answers to the United States Interrogatories never mention Wilcox or Parascandola. *Id*.

5. On December 4, 2007, the United States informed Plaintiff's that its Responses to Requests for Production numbers 5, 6, 7, 8, 9, 10, 11, 12, 14, 17, and 19 through 24 were deficient (Ex. 3). Specifically, the United States directed Plaintiff's attention to the estimate of repair submitted to "H.N. Wilcox" (instead of plaintiff) and requested an explanation (Ex. 3, p. 4).

6. As of the date of this filing, plaintiff has yet to amend its answer to the United States First Request For Production, explain the estimate of repairs, or correct any of the deficiencies in its answer to the United States' First Request for Production.

7. In light of plaintiff's intractability, on December 4, 2007, the United States submitted Second Requests for Production and Second Interrogatories. These interrogatories also requested information regarding Wilcox and Parascandola, again because reference was made to the companies in a few of plaintiff's provided documents and Michael Parascandola was listed by plaintiff as a potential witness (Ex. 4).

8. Plaintiff's responded to the United State's Second Request for Production and Interrogatories on December 14, 2007, and for the first time revealed that at least two members the Parascandola family (Anthony Sr. and Anthony Jr.) were affiliated with Seal Rock, Wilcox and Parascandola, but again provided no documentation regarding the

financial or working relationship between Seal Rock and Wilcox or Parascandola with regard to the fish trap. Instead plaintiff's Answers to the Request for Production again referred the United States to previously provided documents, though it did offer to make some additional documents available for inspection and copying at the offices of Parascandola & Sons, Inc (Ex. 4).

9. On December 21, 2007, plaintiff provided the United States' requested tax returns and payroll information for Seal Rock, Wilcox and Parascandola.

10. On January 4, 2008, the United States requested to take the depositions of Seal Rock's principals, Anthony and Michael Parascandola, between the last week of January and the first week of February, 2008 (Ex. 5). Plaintiff never responded.

11. Unable to discern where or how Seal Rock received its income or even if it actually owned the fish trap in question,, the United States issued a subpoena on January 28, 2008, to the tax preparer of Seal Rock, Wilcox and Parascandola (Ex. 6).

12. Now plaintiff, apparently recognizing the allegations of loss in its original Complaint are unsupportable, and after wasting substantial discovery efforts by the government on basic issues of damages, seeks to amend the Complaint to add two new additional claimants whose claims, if any, have been deliberately obscured by plaintiff up to this point.

## ARGUMENT

The proposed actions by Wilcox and Parascandola, if brought in separate actions

today would be barred by the two year statute of limitations in the applicable Public Vessels Act, 46 U.S.C. §31101 ("PVA"). Accordingly, the proposed amendment would be futile unless the new claimants' causes of action are allowed to relate back to the date the original Complaint was filed.

Although Rule 15(c)(3) addresses only the addition of new defendants, the First Circuit has recognized that Rule 15 is amenable to amendments that "change the identity of plaintiffs." *Young v. Lepone*, 305 F.3d 1, 14 (1st Cir. 2002). The First Circuit has outlined three requirements for such amendments to relate back under Rule 15(c). First, the new claims must arise out of the conduct, transaction, or occurrence set forth in the original pleading. *Id*. The United States does not deny that the newly proposed plaintiffs' claims arise out of the same factual scenario.

Second, there must be a sufficient identity of interest between the new plaintiff, the old plaintiff, and their respective claims so that the defendants can be said to have been given fair notice from the outset of the claim sought to be added late. *Id*. The United States denies that it has been given fair notice of the additional claims now sought to be added, ironically, despite the government's best discovery efforts to find out the basis for the asserted losses.

Third, there must not be undue prejudice to the opposing party. *Id*. The United States has spent the last six months attempting to determine what, if any, damage Seal Rock may have suffered from the alleged allision of IDA LEWIS with the fish trap.

Again, plaintiffs have not been forthright in their answers to Interrogatories and Requests for Production and this has prevented the United States from being able to answer this seemingly straightforward question.

Now, nearly three years after its alleged injury, nearly a full year after filing suit, and near the end of discovery, plaintiff's counsel asserts he has not filed suit on behalf of the actual entities holding the claim. Plaintiff's explanation is that "the nature of how these companies act in concert makes it impossible to distinguish and allocate the total damages suffered as a result of the damaged fish trap individually to each company" (Pl. Mot. at 2). This confusion is inexcusable. It is not the situation envisioned by Rule 15, whereby a defendant can be readily added whose role was originally unknown or confused with that of a sister company. See, *Leonard v. Parry*, 219 F.3d 25, 29 (1st Cir. 2000)(plaintiff allowed to amend suit in part because driver in automobile accident was misidentified). Nor is it the understandable situation where numerous individuals were injured, unbeknownst to each other due to the tort of a single defendant, and adding additional plaintiffs is efficient and just.

Here, despite extensive discovery efforts by the United States, plaintiff has neither been able to produce evidence of what profit was actually lost by Seal Rock, nor why it waited nearly a year to receive an estimate for repair of its trap. Plaintiff's argument that the United States has previously been apprised of the multiparty nature of the Parascandola fishing enterprise (Pl. Mot. p. 3) is disingenuous. In fact, the opposite is

true. Plaintiff has intentionally obfuscated the financial losses of the company and now, when pinned down, seeks to start over. The sole information the United States has of the Parascandola family enterprise is the unexplained appearance of the names Wilcox and Parascandola on the few documents provided. *Id*. at 2. Even the tax records, and fish receipts, finally provided by plaintiff, give no indication that the companies are interrelated nor how Seal Rock has sustained economic loss.

In essence, plaintiff's reluctance to provide evidence has prevented the United States from receiving fair notice of the claims held by the additional companies. Plaintiff has never indicated that any company other than Seal Rock may have incurred damage and should not be allowed to assert otherwise at this late date. The United States must have been given fair notice from the outset as to the substance of the claim for the proposed plaintiff to overcome 15(c) hurdles. *Standard. Fire Ins. Co. v. Crosby Yacht Yard, Inc*., 2007 U.S. Dist. LEXIS 9116 (D. Mass. 2007)(amendment to claim allowed where defendant reasonably knew of existence of claim by original plaintiff's insured). This was not done. Instead the United States was left chasing illusory damages for Seal Rock and given no indication, despite ample opportunity, that others had suffered damage. This is not a case where the United States "knew or should have known, that but for a mistake concerning the identity of a party" that it would be sued by Wilcox or Parascandola. Fed. R. Civ. P. 15(c)(3). Because of plaintiff's "shell game," the United States could not have known of the potential for claims by other potential plaintiffs, nor

their amounts.

CONCLUSION

The United States respectfully requests that Plaintiff's motion to amend be denied. In the alternative, the United States requests that discovery, which is set to close on April 1, 2008, be extended by six months to enable the United States to establish through discovery the exact relationship between the companies, the losses suffered, and the ability of plaintiffs to mitigate damages. This additional time is also necessary to allow the United States to retain a forensic accountant who could evaluate plaintiff's apparently complex business transactions with regard to the fish trap and profits derived therefrom. Alternatively, the United States would request that a forensic accountant be appointed by the court to ascertain the financial relationship and any losses as between Seal Rock, Wilcox and Parascandola, cost to be borne by both parties equally.

Dated: February 19, 2008.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

ROBERT CLARK CORRENTE
United States Attorney

DULCE DONOVAN
Assistant United States Attorney

/s/ Robb Hyde
M. ROBB HYDE (8580)
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
Post Office Box 14271
Washington, DC 20044-4271
PA Bar No: 63974
Telephone: (202) 616-4033
Facsimile: (202) 616-4159
Email: robb.hyde@usdoj.gov

Attorney for Defendant
United States of America
FOR THE PARTIES

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on February 19, 2008, the foregoing document was filed with the Clerk of Court and served in accordance with the Federal Rules of Civil Procedure, by regular U.S. Mail and by Electronic Service upon the following parties and participants:

Stephen M. Ouellette
Ouellette & Smith
127 Eastern Avenue, Suite 1
Gloucester, MA 01930

Mark A. McSally
Kelly, Kelleher, Reilly & Simpson
146 Westminster St., Suite 500
Providence, RI 02903

/s/ Robb Hyde
M. ROBB HYDE