UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| SEAL ROCK TRAP COMPANY, INC., Plaintiff | ) | IN ADMIRALTY |
| v. | ) | Civil Action No: 1:07-cv-88 |
| THE UNITED STATES OF AMERICA, Defendant | ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

The plaintiff, Seal Rock Trap Company, Inc., hereby responds to the Defendant's First Request for the Production of Documents, pursuant to Federal Rule of Civil Procedure 26(b) and 34:

**REQUEST NO. 1**

Please produce all documents or tangible things referred to, identified, described or supplementing your answers to interrogatories.

**RESPONSE TO REQUEST NO. 1**

For any such documents, please refer to all documents already disclosed to the defendant in Plaintiff's initial disclosures made pursuant to Fed. R. Civ. P. 26.

**REQUEST NO. 2**

Please produce any and all signed and unsigned statements, including recorded statements, taken from any witness to the incident, and from persons who may have knowledge concerning the conditions surrounding the accident, the negligence or liability of any defendant or other party, the negligence or lack thereof of the plaintiff or his damages.

**RESPONSE TO REQUEST NO. 2**

For any such documents, please refer to all documents already disclosed to the defendant in Plaintiff's initial disclosures made pursuant to Fed. R. Civ. P. 26.

**REQUEST NO. 3**

Please produce all policies of insurance in force covering plaintiff's injuries on the day of the incident.

**RESPONSE TO REQUEST NO. 3**

No such documents exist, because no such insurance policies exist.

**REQUEST NO. 4**

Please produce any and all photographs pertaining to this matter including but not limited to those of the site of the incident and the damages sustained.

**RESPONSE TO REQUEST NO. 4**

For any such documents, please refer to all documents already disclosed to the defendant in Plaintiff's initial disclosures made pursuant to Fed. R. Civ. P. 26.

**REQUEST NO. 5**

Please produce all documents or tangible things which plaintiff contends support its claim for loss or damages.

**RESPONSE TO REQUEST NO. 5**

For any such documents, please refer to all documents already disclosed to the defendant in Plaintiff's initial disclosures made pursuant to Fed. R. Civ. P. 26. Also, please refer to the documents from the National Marine Fisheries Service SAFIS system supplied herewith.

**REQUEST NO. 6**

Please provide any and all invoices, records, proof of payment and or bills of sale for the fish traps (or the fish trap component parts) with which plaintiff alleges IDA LEWIS allided, for the period encompassing April 2005, through present.

**RESPONSE TO REQUEST NO. 6**

The Plaintiff objects to this request in that it would be unduly burdensome to provide. Notwithstanding Plaintiff's objection, for any such documents, please refer to all documents already disclosed to the defendant in Plaintiff's initial disclosures made pursuant to Fed. R. Civ. P. 26. Also please refer to the Payroll Labor Distribution of Seal Rock Trap Company, Inc. supplied herewith.

**REQUEST NO. 7**

Please provide any and all documentation of pay vouchers, pay stubs, accounting ledgers, and/or time slips evidencing work-hours spent repairing the fish trap with which plaintiff alleges IDA LEWIS allided.

**RESPONSE TO REQUEST NO. 7**

The Plaintiff objects to this request because it would be unduly burdensome to comply therewith. Notwithstanding Plaintiff's objection, for any such documents, please refer to all documents already disclosed to the defendant in Plaintiff's initial disclosures made pursuant to Fed. R. Civ. P. 26. Also please refer to the Payroll Labor Distribution of Seal Rock Trap Company, Inc. supplied herewith.

**REQUEST NO. 8**

Please provide any and all documentation of pay vouchers, pay stubs, accounting ledgers, and/or time slips evidencing work performed by Seal Rock Trap Company, its officers and

agents, between April 30, 2005 and June 13, 2005, the date on which plaintiff's expert, Marine Safety Consultants examined the fish net in question.

**RESPONSE TO REQUEST NO. 8**

Please refer to all documents already disclosed to the defendant in Plaintiff's initial disclosures made pursuant to Fed. R. Civ. P. 26. Also please refer to the Payroll Labor Distribution of Seal Rock Trap Company, Inc. supplied herewith.

**REQUEST NO. 9**

Please produce copies of all pay stubs, evidencing overtime worked by plaintiff's employees during the three months immediately following the date of the alleged incident. IF plaintiff does not pay it workers hourly wages, please produce any evidence of hours worked by plaintiff's employees during the three months immediately following the date of the alleged incident.

**RESPONSE TO REQUEST NO. 9**

For any such documents, please refer to all documents already disclosed to the defendant in Plaintiff's initial disclosures made pursuant to Fed. R. Civ. P. 26. Also please refer to the Payroll Labor Distribution of Seal Rock Trap Company, Inc. supplied herewith.

**REQUEST NO. 10**

Please provide any and all invoices, records, proof of payment and/or bills of sale for any and all fish traps (or fish trap component parts) purchased by Seal Rock Trap Company, its officers, or agents for the period encompassing January 2005, through present.

**RESPONSE TO REQUEST NO. 10**

For any such documents, please refer to all documents already disclosed to the defendant in Plaintiff's initial disclosures made pursuant to Fed. R. Civ. P. 26.

**REQUEST NO. 11**

Please provide any and all invoices, records, proof of payment and or bills of sale, fish tickets, fish harvest reports and/or other evidence supporting the handwritten computation of damages submitted via counsel's letter of August 15, 2007.

**RESPONSE TO REQUEST NO. 11**

The handwritten computation of damages submitted August 15, 2007 is based on information submitted to the United States of America via the Standard Atlantic Fisheries Information System ("SAFIS"), which is supplied herewith.

**REQUEST NO. 12**

Please provide all records of fish trap catch and sale for Wilcox and Seal Rock traps (referenced in the handwritten notes accompanying counsel's letter of August 1`5, 2007) for the years 2002 through present.

**RESPONSE TO REQUEST NO. 12**

For any such documents, please refer to all documents already disclosed to the defendant in Plaintiff's initial disclosures made pursuant to Fed. R. Civ. P. 26. The handwritten computation of damages submitted August 15, 2007 is based on information submitted to the Defendant United States of America via the Standard Atlantic Fisheries Information System ("SAFIS"), which is supplied herewith.

**REQUEST NO. 13**

Please provide any and all documentation in plaintiff's possession regarding procedures used by plaintiff to mark its traps for visual identification.

**RESPONSE TO REQUEST NO. 13**

For any such documents, please refer to all documents already disclosed to the defendant in Plaintiff's initial disclosures made pursuant to Fed. R. Civ. P. 26.

**REQUEST NO. 14**

Please provide any and all invoices, records, proof of payment and/or bills of sale to support the allegation in paragraph six of plaintiff's complaint that it had to replace its fish trap.

**RESPONSE TO REQUEST NO. 14**

For any such documents, please refer to all documents already disclosed to the defendant in Plaintiff's initial disclosures made pursuant to Fed. R. Civ. P. 26.

**REQUEST NO. 15**

Please provide any and all documents, reports or tangible things, that indicate the charted position of plaintiff's fish trap on April 30, 2005.

**RESPONSE TO REQUEST NO. 15**

For any such documents, please refer to all documents already disclosed to the defendant in Plaintiff's initial disclosures made pursuant to Fed. R. Civ. P. 26.

**REQUEST NO. 16**

Please provide any and all documents or reports by which plaintiff notified the United States, the State of Rhode Island, or any other governmental entity, of the location of its fish traps during the year 2005.

**RESPONSE TO REQUEST NO. 16**

Please refer to the initial disclosures sent to plaintiff by the defendant, pg.'s USA19-USA26, indicating plaintiff's reporting of the trap's position to the State of Rhode Island.

**REQUEST NO. 17**

Please provide any and all documents or reports or tangible things that evidence plaintiff's attempts to mitigate its damages.

**RESPONSE TO REQUEST NO. 17**

For any such documents, please refer to all documents already disclosed to the defendant in Plaintiff's initial disclosures made pursuant to Fed. R. Civ. P. 26.

**REQUEST NO. 18**

Please provide any and all licenses or permits associated with Seal Rock Trap Company's or Parascandola & Sons, Inc., harvesting of fish in the area in question for the year 2005.

**RESPONSE TO REQUEST NO. 18**

Please refer to the fishing permit granted by the State of Rhode Island, which was supplied by you, page USA-0019, in your initial disclosures.

**REQUEST NO. 19**

Please produce all documentation of any kind furnished by the Plaintiff, or its attorneys, to Marine Safety Consultants, Inc., and any other expert expected to testify in the above captioned matter.

**RESPONSE TO REQUEST NO. 19**

The Plaintiff objects to this request insofar as it seeks discovery outside the possession custody or control of the plaintiff, and seeks information protected by the attorney-client, or attorney work product privileges, and is otherwise outside the scope of discovery pursuant to Rule 26. Nevertheless, for any such documents, please refer to all documents already disclosed to the defendant in Plaintiff's initial disclosures made pursuant to Fed. R. Civ. P. 26.

**REQUEST NO. 20**

Please produce all documentation of any kind furnished to the plaintiff or its attorneys by Marine Safety Consultants, Inc. and/or any other expert expected to testify in the above captioned matter.

**RESPONSE TO REQUEST NO. 20**

The Plaintiff objects to this request insofar as it seeks discovery outside the possession custody or control of the plaintiff, and seeks information protected by the attorney-client, or attorney work product privileges, and is otherwise outside the scope of discovery pursuant to Rule 26. Nevertheless, for any such documents, please refer to all documents already disclosed to the defendant in Plaintiff's initial disclosures made pursuant to Fed. R. Civ. P. 26.

**REQUEST NO. 21**

Please produce all reports, files, memos, notes, tangible things, or any other documentation prepared by or generated by Marine Safety Consultants, Inc., and/or any other expert expected to testify in the above captioned matter pertaining either directly or indirectly to this litigation.

**RESPONSE TO REQUEST NO. 21**

For any such documents, please refer to all documents already disclosed to the defendant in Plaintiff's initial disclosures made pursuant to Fed. R. Civ. P. 26.

**REQUEST NO. 22**

Please produce all reports, files, memos, notes, tangible things, or any/or other documentation prepared by or generated by any consulting expert if the consulting expert's work product forms a basis either in whole or in part of the opinions of Marine Safety Consultants, inc., and/or any other expert expected to testify in the above captioned matter.

**RESPONSE TO REQUEST NO. 22**

The Plaintiff objects to this request insofar as it seeks information outside the scope of discovery pursuant to Rule 26. Nevertheless, the Plaintiff states that no such documents exist within Plaintiff's possession custody or control.

**RESPONSE TO REQUEST NO. 23**

Please produce all treatises, books, pamphlets, or any other documentation or information relied on, either directly or indirectly, in whole or in part, by Marine Safety Consultants, Inc., and or any other expert expected to testify in the above captioned matter in forming any of his opinions in this case.

**RESPONSE TO REQUEST NO. 23**

The Plaintiff objects to this request insofar as it seeks discovery outside the possession custody or control of the plaintiff, and is otherwise outside the scope of discovery pursuant to Rule 26 and 34. Nevertheless, there are no such documents within the plaintiff's possession custody or control.

**REQUEST FOR PRODUCTION NO. 24**

Please produce any charts, graphs, photographs, or other pictorial displays used by, prepared by, or obtained by Marine Safety Consultants, Inc. and/or any other expert expected to testify in the above captioned matter relating either directly or indirectly to any matter in this lawsuit.

**RESPONSE TO REQUEST NO. 24**

The Plaintiff objects to this request insofar as it seeks discovery outside the possession custody or control of the plaintiff, and that is otherwise outside the scope of discovery pursuant to Rule 26. Nevertheless, for any such documents, please refer to all documents already disclosed to the defendant in Plaintiff's initial disclosures made pursuant to Fed. R. Civ. P. 26.

Respectfully submitted,
**Seal Rock Trap Company, Inc.**
Plaintiffs,

OUELLETTE & SMITH
Stephen M. Ouellette, Esq.
BBO No.: 543752
David S. Smith, Esq.
BBO No.: 634865
Olaf Aprans, Esq.
BBO No.: *Pending*
127 Eastern Ave., Suite 1
Gloucester, MA 01930
(978) 281-7788

Dated November 30, 2007

CERTIFICATE OF SERVICE

I, Stephen M. Ouellette, attorney for the Plaintiff herein, hereby certify that I caused to be served a copy of the foregoing document by federal express upon Robert Hyde, Esq., attorney for the defendant at P.O. Box 14271, Washington DC 20044-4271, this 30th day of November, 2007.

Stephen M. Ouellette

'E Date: 10/31/2007 PAYROLL LABOR DISTRIBUTION: 01/01/2005 through 12/31/2005 Page No 1
m Date: 11/26/2007 H. N. Wilcox Fishing, Inc. Report# 650

| DEPARTMENT | EMPLOYEE ID | NAME | HOME DEPT | EARN CODE / DESC | TYP | HOURS | EARNINGS | N/C EARNINGS |
|---|---|---|---|---|---|---|---|---|
| | 5 | Anthony Parascandolo Jr | 1 | RI 1 REGULAR WA | R | .00 | 42,848.00 | |
| | 15 | Douglas Matthews | 1 | RI 1 REGULAR WA | R | 47.00 | 3,760.00 | .00 |
| | 16 | Stephen J Menard | 1 | RI 1 REGULAR WA | R | 302.00 | 24,160.00 | .00 |
| | 16 | Stephen J Menard | 1 | RI 2 BONUS | R | .00 | 200.00 | .00 |
| | | | | * EMPLOYEE TOTAL: | | 302.00 | 24,360.00 | .00 |
| | 29 | James West | 1 | RI 1 REGULAR WA | R | 176.00 | 14,080.00 | .00 |
| | 31 | Brent Curtis Davoll | 1 | RI 1 REGULAR WA | R | 312.00 | 24,960.00 | .00 |
| | 31 | Brent Curtis Davoll | 1 | RI 2 BONUS | R | .00 | 200.00 | .00 |
| | | | | * EMPLOYEE TOTAL: | | 312.00 | 25,160.00 | .00 |
| . | 33 | Silvino Oliveira | 1 | RI 1 REGULAR WA | R | 309.00 | 24,720.00 | .00 |
| . | 33 | Silvino Oliveira | 1 | RI 2 BONUS | R | .00 | 200.00 | .00 |
| | | | | * EMPLOYEE TOTAL: | | 309.00 | 24,920.00 | .00 |
| 1 | 36 | William J Menard | 1 | RI 1 REGULAR WA | R | 159.00 | 12,435.00 | .00 |
| 1 | 37 | Lawrence M Rocha II | 1 | RI 1 REGULAR WA | R | 46.00 | 3,680.00 | .00 |
| 1 | 39 | Gerald A Carr | 1 | RI 1 REGULAR WA | R | 196.00 | 13,720.00 | .00 |
| 1 | 39 | Gerald A Carr | 1 | RI 2 BONUS | R | .00 | 200.00 | .00 |
| | | | | * EMPLOYEE TOTAL: | | 196.00 | 13,920.00 | .00 |
| 1 | 42 | Raymond E Brow | 1 | RI 1 REGULAR WA | R | 214.00 | 17,120.00 | .00 |
| 1 | 42 | Raymond E Brow | 1 | RI 2 BONUS | R | .00 | 200.00 | .00 |
| | | | | * EMPLOYEE TOTAL: | | 214.00 | 17,320.00 | .00 |
| 1 | 43 | Randy Gomes | 1 | RI 1 REGULAR WA | R | 82.00 | 6,440.00 | .00 |
| 1 | 46 | Roger X Brow | 1 | RI 1 REGULAR WA | R | 36.00 | 2,520.00 | .00 |
| 1 | 47 | Joshua M Mederios | 1 | RI 1 REGULAR WA | R | 73.00 | 5,475.00 | .00 |
| 1 | 48 | John J Osborne | 1 | RI 1 REGULAR WA | R | 46.00 | 3,450.00 | .00 |
| 1 | 49 | Louis Mello Jr. | 1 | RI 1 REGULAR WA | R | 218.00 | 17,440.00 | .00 |
| 1 | 49 | Louis Mello Jr. | 1 | RI 2 BONUS | R | .00 | 200.00 | .00 |
| | | | | * EMPLOYEE TOTAL: | | 218.00 | 17,640.00 | .00 |
| 1 | 50 | Joshua M Anctil | 1 | RI 1 REGULAR WA | R | 172.00 | 13,495.00 | .00 |
| 1 | 56 | Edward Abrantes, Jr. | 1 | RI 1 REGULAR WA | R | 197.00 | 15,550.00 | .00 |
| 1 | 60 | William S Shepard | 1 | RI 1 REGULAR WA | R | 35.00 | 2,800.00 | .00 |
| 1 | 66 | Charles Crapo | 1 | RI 1 REGULAR WA | R | 187.00 | 14,560.00 | .00 |
| 1 | Fishing Boat Wages | | | ** DEPARTMENT TOTAL: | | 2,807.00* | 264,413.00* | .00* |
| | | | | RI 1 REGULAR WA | | 2,807.00 | 263,213.00 | .00 |

UNITED STATES DEPARTMENT OF COMMERCE
**National Oceanic and Atmospheric Administration**
NATIONAL MARINE FISHERIES SERVICE
NORTHEAST REGION
One Blackburn Drive
Gloucester, MA 01930

November 26, 2007

RE: Dealer landing history
Dealer Name: SEAL ROCK TRAP CO.
NMFS Permit Number: 3367

Dear Vessel Owner:

Attached are all or a portion of the data you requested concerning your landings. Laws governing the access to confidential fisheries data require written authorization by the data submitters prior to the release of such data. Our office has received the appropriate documentation to release the data included in the attached vessel landings report. These data were extracted from (our commercial dealer database and represent reports from dealers or vessel trip reports). These are our best available data for vessel landings.

If these data are from landings before the spring of 1994, some information may be missing. In the spring of 1994 the Northeast Region (NER) implemented a mandatory reporting system for both vessels and dealers. Prior to this, data were submitted voluntarily by dealers. Although all reasonable efforts were made to obtain complete landings for all fisheries, some may have been missed and would not be included in our database.

The implementation of mandatory reporting also changed the way we managed our data. Prior to 1994 vessels under five tons were not identified individually in our landings database. The landings from vessels with permit numbers less than 200000 were consolidated in the database by month, port, gear, and area fished. Thus, even if a vessel had a NER permit, we did not uniquely identify that vessel's landings and cannot extract those landings for the specific vessel.

As you may be aware, NMFS collects large amounts of data from federally permitted seafood dealers and fishing vessels. We strive to maintain information that is an accurate record of individual fishing activity in federally regulated fisheries. However, given the amount of data we receive and process each year, errors do occur on both the reporting side by the fishing industry and on processing the reports submitted. The responsibility for ensuring that we have complete and accurate information rests on all parties involved in managing our marine resources. If there are errors in the landings history reports we have provide to you, please contact the Fisheries Statistic Office and provide sufficient documentation of the error so that it can be corrected. If you have any questions regarding the enclosed data report, please contact the Northeast Region Fisheries Statistics Office at 978-281-9158.

Sincerely,

Gerry Gaipo

Geraldine Gaipo
Fishery Information Technician

DOC/NOAA/NMFS 11/26/2007
SYSTEMS MANAGEMENT DEVELOPMENT SECTION
2005 LANDINGS REPORTED BY SEAL ROCK TRAP CO.
FROM DEALER WEIGHOUTS

| YEAR | MONTH | DEALNUM | SPPNM | POUNDS | VALUE |
|---|---|---|---|---|---|
| 2005 | 08 | 3367 | BLUEFISH | 897 | $311 |
| 2005 | 08 | 3367 | MENHADEN | 590 | $148 |
| 2005 | 08 | 3367 | STRIPED BASS | 3,521 | $9,720 |
| 2005 | 08 | 3367 | DOGFISH,SPINY | 5 | $1 |
| 2005 | 08 | 3367 | SEA BASS,BLACK | 41 | $126 |
| 2005 | 08 | 3367 | BONITO,ATLANTIC | 100 | $150 |
| 2005 | 08 | 3367 | FLOUNDER,SUMMER (FLUKE) | 585 | $1,071 |
| 2005 | 09 | 3367 | SCUP | 8 | $11 |
| 2005 | 09 | 3367 | BLUEFISH | 373 | $145 |
| 2005 | 09 | 3367 | MENHADEN | 4,745 | $1,199 |
| 2005 | 09 | 3367 | STRIPED BASS | 4,367 | $15,096 |
| 2005 | 09 | 3367 | MACKEREL,KING | 17 | $17 |
| 2005 | 09 | 3367 | BONITO,ATLANTIC | 57 | $60 |
| 2005 | 09 | 3367 | FLOUNDER,SUMMER (FLUKE) | 496 | $866 |
| 2005 | 09 | 3367 | SQUID,SHORT FINNED (ILLEX) | 7 | $4 |
| 2005 | 10 | 3367 | SCUP | 3 | $3 |
| 2005 | 10 | 3367 | SKATES | 40 | $20 |
| 2005 | 10 | 3367 | TAUTOG | 16 | $32 |
| 2005 | 10 | 3367 | BLUEFISH | 262 | $60 |
| 2005 | 10 | 3367 | MENHADEN | 1,040 | $237 |
| 2005 | 10 | 3367 | GOOSEFISH | 5 | $5 |
| 2005 | 10 | 3367 | BUTTERFISH | 323 | $263 |
| 2005 | 10 | 3367 | STRIPED BASS | 3,376 | $10,559 |
| 2005 | 10 | 3367 | MACKEREL,KING | 5 | $5 |
| 2005 | 10 | 3367 | TRIGGERFISHES | 8 | $5 |
| 2005 | 10 | 3367 | SEA BASS,BLACK | 2 | $12 |
| 2005 | 10 | 3367 | BONITO,ATLANTIC | 64 | $85 |
| 2005 | 10 | 3367 | FLOUNDER,WINTER | 1 | $2 |
| 2005 | 10 | 3367 | FLOUNDER,SUMMER (FLUKE) | 45 | $118 |
| 2005 | 10 | 3367 | SEA TROUT,GRAY(WEAKFISH) | 5 | $7 |
| 2005 | 10 | 3367 | SQUID,LONG FINNED (LOLIGO) | 7 | $5 |
| 2005 | 10 | 3367 | SQUID,SHORT FINNED (ILLEX) | 29 | $18 |

UNITED STATES DEPARTMENT OF COMMERCE
National Oceanic and Atmospheric Administration
NATIONAL MARINE FISHERIES SERVICE
NORTHEAST REGION
One Blackburn Drive
Gloucester, MA 01930

November 26, 2007

RE: Dealerl landing history
Dealer name: H.N. WILCOX FISHING, INC.
NMFS Permit Number: 1452

Dear Vessel Owner:

Attached are all or a portion of the data you requested concerning your landings. Laws governing the access to confidential fisheries data require written authorization by the data submitters prior to the release of such data. Our office has received the appropriate documentation to release the data included in the attached vessel landings report. These data were extracted from (our commercial dealer database and represent reports from dealers or vessel trip reports). These are our best available data for vessel landings.

If these data are from landings before the spring of 1994, some information may be missing. In the spring of 1994 the Northeast Region (NER) implemented a mandatory reporting system for both vessels and dealers. Prior to this, data were submitted voluntarily by dealers. Although all reasonable efforts were made to obtain complete landings for all fisheries, some may have been missed and would not be included in our database.

The implementation of mandatory reporting also changed the way we managed our data. Prior to 1994 vessels under five tons were not identified individually in our landings database. The landings from vessels with permit numbers less than 200000 were consolidated in the database by month, port, gear, and area fished. Thus, even if a vessel had a NER permit, we did not uniquely identify that vessel's landings and cannot extract those landings for the specific vessel.

As you may be aware, NMFS collects large amounts of data from federally permitted seafood dealers and fishing vessels. We strive to maintain information that is an accurate record of individual fishing activity in federally regulated fisheries. However, given the amount of data we receive and process each year, errors do occur on both the reporting side by the fishing industry and on processing the reports submitted. The responsibility for ensuring that we have complete and accurate information rests on all parties involved in managing our marine resources. If there are errors in the landings history reports we have provide to you, please contact the Fisheries Statistic Office and provide sufficient documentation of the error so that it can be corrected. If you have any questions regarding the enclosed data report, please contact the Northeast Region Fisheries Statistics Office at 978-281-9158.

Sincerely,

Gerry Gaipo

Geraldine Gaipo
Fishery Information Technician

DOC/NOAA/NMFS
SYSTEMS MANAGEMENT DEVELOPMENT SECTION
2005 REPORTS FROM H.N. WILCOX FISHING INC.
FROM DEALER WEIGHOUT DATABASE

11/26/2007

| YEAR | MONTH | DEALNUM | SPPNM | POUNDS | VALUE |
|---|---|---|---|---|---|
| 2005 | 04 | 1452 | SCUP | 365 | $161 |
| 2005 | 04 | 1452 | TAUTOG | 118 | $189 |
| 2005 | 04 | 1452 | MACKEREL,ATLANTIC | 1,305 | $791 |
| 2005 | 04 | 1452 | FLOUNDER,SUMMER (FLUKE) | 15 | $39 |
| 2005 | 04 | 1452 | SQUID,LONG FINNED (LOLIGO) | 9,325 | $7,496 |
| 2005 | 05 | 1452 | SCUP | 219,452 | $68,274 |
| 2005 | 05 | 1452 | TARPON | 60 | $78 |
| 2005 | 05 | 1452 | TAUTOG | 391 | $574 |
| 2005 | 05 | 1452 | BUTTERFISH | 30 | $21 |
| 2005 | 05 | 1452 | STRIPED BASS | 106 | $394 |
| 2005 | 05 | 1452 | SHAD,AMERICAN | 248 | $108 |
| 2005 | 05 | 1452 | SEA BASS,BLACK | 1,094 | $3,742 |
| 2005 | 05 | 1452 | FLOUNDER,WINTER | 5 | $10 |
| 2005 | 05 | 1452 | MACKEREL,ATLANTIC | 30,365 | $7,394 |
| 2005 | 05 | 1452 | FLOUNDER,SUMMER (FLUKE) | 1,721 | $4,068 |
| 2005 | 05 | 1452 | SEA TROUT,GRAY(WEAKFISH) | 66 | $90 |
| 2005 | 05 | 1452 | SQUID,LONG FINNED (LOLIGO) | 222,515 | $182,592 |
| 2005 | 06 | 1452 | SCUP | 26,053 | $7,619 |
| 2005 | 06 | 1452 | TAUTOG | 25 | $30 |
| 2005 | 06 | 1452 | BLUEFISH | 235 | $86 |
| 2005 | 06 | 1452 | GOOSEFISH | 18 | $23 |
| 2005 | 06 | 1452 | STRIPED BASS | 965 | $2,910 |
| 2005 | 06 | 1452 | DOGFISH,SPINY | 525 | $116 |
| 2005 | 06 | 1452 | SHAD,AMERICAN | 28 | $5 |
| 2005 | 06 | 1452 | TRIGGERFISHES | 2 | $1 |
| 2005 | 06 | 1452 | DOGFISH,SMOOTH | 36 | $5 |
| 2005 | 06 | 1452 | SEA BASS,BLACK | 873 | $1,686 |
| 2005 | 06 | 1452 | FLOUNDER,SUMMER (FLUKE) | 1,243 | $2,239 |
| 2005 | 06 | 1452 | SEA TROUT,GRAY(WEAKFISH) | 4 | $3 |
| 2005 | 07 | 1452 | SCUP | 854 | $1,277 |
| 2005 | 07 | 1452 | COBIA | 15 | $15 |
| 2005 | 07 | 1452 | SKATES | 4 | $1 |
| 2005 | 07 | 1452 | TAUTOG | 100 | $20 |
| 2005 | 07 | 1452 | BLUEFISH | 2,664 | $887 |
| 2005 | 07 | 1452 | GOOSEFISH | 35 | $47 |
| 2005 | 07 | 1452 | JOHN DORY | 5 | $4 |
| 2005 | 07 | 1452 | STRIPED BASS | 819 | $2,333 |
| 2005 | 07 | 1452 | SHAD,AMERICAN | 145 | $15 |
| 2005 | 07 | 1452 | SHARK,SANDBAR | 23 | $16 |
| 2005 | 07 | 1452 | TRIGGERFISHES | 4 | $2 |
| 2005 | 07 | 1452 | DOGFISH,SMOOTH | 25 | $6 |
| 2005 | 07 | 1452 | SEA BASS,BLACK | 443 | $1,792 |
| 2005 | 07 | 1452 | BONITO,ATLANTIC | 673 | $1,293 |
| 2005 | 07 | 1452 | SHARK,SAND TIGER | 145 | $16 |
| 2005 | 07 | 1452 | FLOUNDER,SUMMER (FLUKE) | 1,193 | $2,500 |

DOC/NOAA/NMFS
SYSTEMS MANAGEMENT DEVELOPMENT SECTION
2005 REPORTS FROM H.N. WILCOX FISHING INC.
FROM DEALER WEIGHOUT DATABASE

11/26/2007

| | | | | | |
|---|---|---|---|---|---|
| 2005 | 07 | 1452 | SEA TROUT,GRAY(WEAKFISH) | 28 | $37 |
| 2005 | 08 | 1452 | SCUP | 115 | $134 |
| 2005 | 08 | 1452 | TAUTOG | 3 | $5 |
| 2005 | 08 | 1452 | BLUEFISH | 1,661 | $603 |
| 2005 | 08 | 1452 | MENHADEN | 788 | $209 |
| 2005 | 08 | 1452 | GOOSEFISH | 5 | $5 |
| 2005 | 08 | 1452 | STRIPED BASS | 4,197 | $11,716 |
| 2005 | 08 | 1452 | MACKEREL,KING | 6 | $6 |
| 2005 | 08 | 1452 | SHAD,AMERICAN | 20 | $2 |
| 2005 | 08 | 1452 | TRIGGERFISHES | 2 | $1 |
| 2005 | 08 | 1452 | DOGFISH,SMOOTH | 4 | $1 |
| 2005 | 08 | 1452 | SEA BASS,BLACK | 87 | $265 |
| 2005 | 08 | 1452 | BONITO,ATLANTIC | 335 | $534 |
| 2005 | 08 | 1452 | FLOUNDER,SUMMER (FLUKE) | 732 | $1,323 |
| 2005 | 08 | 1452 | SEA TROUT,GRAY(WEAKFISH) | 9 | $9 |
| 2005 | 08 | 1452 | SQUID,LONG FINNED (LOLIGO) | 65 | $41 |
| 2005 | 08 | 1452 | TILEFISH (GOLDEN TILEFISH) | 105 | $26 |
| 2005 | 09 | 1452 | SCUP | 19 | $27 |
| 2005 | 09 | 1452 | BLUEFISH | 981 | $355 |
| 2005 | 09 | 1452 | MENHADEN | 3,815 | $905 |
| 2005 | 09 | 1452 | STRIPED BASS | 5,964 | $21,303 |
| 2005 | 09 | 1452 | BONITO,ATLANTIC | 133 | $201 |
| 2005 | 09 | 1452 | MACKEREL,SPANISH | 19 | $19 |
| 2005 | 09 | 1452 | FLOUNDER,SUMMER (FLUKE) | 479 | $835 |
| 2005 | 10 | 1452 | SCUP | 3 | $3 |
| 2005 | 10 | 1452 | COBIA | 11 | $11 |
| 2005 | 10 | 1452 | TAUTOG | 21 | $41 |
| 2005 | 10 | 1452 | BLUEFISH | 215 | $62 |
| 2005 | 10 | 1452 | MENHADEN | 1,455 | $415 |
| 2005 | 10 | 1452 | BUTTERFISH | 614 | $542 |
| 2005 | 10 | 1452 | STRIPED BASS | 4,439 | $13,344 |
| 2005 | 10 | 1452 | MACKEREL,KING | 13 | $13 |
| 2005 | 10 | 1452 | TRIGGERFISHES | 4 | $2 |
| 2005 | 10 | 1452 | DOGFISH,SMOOTH | 10 | $2 |
| 2005 | 10 | 1452 | BONITO,ATLANTIC | 286 | $430 |
| 2005 | 10 | 1452 | FLOUNDER,SUMMER (FLUKE) | 51 | $81 |
| 2005 | 10 | 1452 | SEA TROUT,GRAY(WEAKFISH) | 25 | $32 |
| 2005 | 10 | 1452 | SQUID,LONG FINNED (LOLIGO) | 24 | $17 |
| 2005 | 11 | 1452 | SKATES | 2 | $1 |
| 2005 | 11 | 1452 | TAUTOG | 39 | $72 |
| 2005 | 11 | 1452 | BLUEFISH | 352 | $79 |
| 2005 | 11 | 1452 | GOOSEFISH | 32 | $54 |
| 2005 | 11 | 1452 | BUTTERFISH | 2,215 | $1,755 |
| 2005 | 11 | 1452 | STRIPED BASS | 44 | $115 |
| 2005 | 11 | 1452 | MACKEREL,ATLANTIC | 120 | $60 |
| 2005 | 11 | 1452 | HERRING,ATLANTIC,SEA | 40 | $10 |

THESE DATA ARE PRELIMINARY AND ARE SUBJECT TO CHANGE

DOC/NOAA/NMFS
SYSTEMS MANAGEMENT DEVELOPMENT SECTION
2005 REPORTS FROM H.N. WILCOX FISHING INC.
FROM DEALER WEIGHOUT DATABASE

11/26/2007

| | | | | | |
|---|---|---|---|---|---|
| 2005 | 11 | 1452 | FLOUNDER,SUMMER (FLUKE) | 20 | $31 |
| 2005 | 11 | 1452 | SEA TROUT,GRAY(WEAKFISH) | 2 | $2 |
| 2005 | 11 | 1452 | SQUID,LONG FINNED (LOLIGO) | 560 | $394 |

DOC/NOAA/NMFS
SYSTEMS MANAGEMENT DEVELOPMENT SECTION
2004 REPORTS FROM H.N. WILCOX FISHING INC.
FROM DEALER WEIGHOUT DATABASE

11/26/2007

| YEAR | MONTH | DEALNUM | SPPNM | POUNDS | VALUE |
|---|---|---|---|---|---|
| 2004 | 04 | 1452 | SCUP | 14,800 | $1,480 |
| 2004 | 05 | 1452 | SCUP | 212,339 | $22,781 |
| 2004 | 05 | 1452 | TAUTOG | 242 | $263 |
| 2004 | 05 | 1452 | BUTTERFISH | 30 | $18 |
| 2004 | 05 | 1452 | STRIPED BASS | 93 | $307 |
| 2004 | 05 | 1452 | SHAD,AMERICAN | 250 | $43 |
| 2004 | 05 | 1452 | SEA BASS,BLACK | 1,430 | $3,364 |
| 2004 | 05 | 1452 | MACKEREL,SPANISH | 4,730 | $946 |
| 2004 | 05 | 1452 | FLOUNDER,SUMMER (FLUKE) | 1,313 | $2,218 |
| 2004 | 05 | 1452 | SQUID,LONG FINNED (LOLIGO) | 73,871 | $46,986 |
| 2004 | 06 | 1452 | SCUP | 4,075 | $1,878 |
| 2004 | 06 | 1452 | BLUEFISH | 341 | $100 |
| 2004 | 06 | 1452 | GOOSEFISH | 6 | $3 |
| 2004 | 06 | 1452 | STRIPED BASS | 651 | $1,972 |
| 2004 | 06 | 1452 | DOGFISH,SPINY | 75 | $14 |
| 2004 | 06 | 1452 | MACKEREL,KING | 9 | $7 |
| 2004 | 06 | 1452 | SHAD,AMERICAN | 1,315 | $150 |
| 2004 | 06 | 1452 | SHARK,SANDBAR | 84 | $16 |
| 2004 | 06 | 1452 | SKATE, WINTER | 5 | $2 |
| 2004 | 06 | 1452 | SEA BASS,BLACK | 420 | $939 |
| 2004 | 06 | 1452 | FLOUNDER,SUMMER (FLUKE) | 912 | $1,253 |
| 2004 | 06 | 1452 | SEA TROUT,GRAY(WEAKFISH) | 10 | $9 |
| 2004 | 06 | 1452 | SQUID,LONG FINNED (LOLIGO) | 75 | $57 |
| 2004 | 07 | 1452 | SCUP | 327 | $451 |
| 2004 | 07 | 1452 | BLUEFISH | 3,252 | $537 |
| 2004 | 07 | 1452 | MENHADEN | 50 | $15 |
| 2004 | 07 | 1452 | BUTTERFISH | 30 | $15 |
| 2004 | 07 | 1452 | STRIPED BASS | 854 | $1,436 |
| 2004 | 07 | 1452 | DOGFISH,SPINY | 10 | $1 |
| 2004 | 07 | 1452 | SHAD,AMERICAN | 1,405 | $146 |
| 2004 | 07 | 1452 | SEA BASS,BLACK | 59 | $244 |
| 2004 | 07 | 1452 | BONITO,ATLANTIC | 142 | $214 |
| 2004 | 07 | 1452 | MACKEREL,SPANISH | 13 | $11 |
| 2004 | 07 | 1452 | FLOUNDER,SUMMER (FLUKE) | 1,013 | $1,587 |
| 2004 | 07 | 1452 | SEA TROUT,GRAY(WEAKFISH) | 181 | $210 |
| 2004 | 07 | 1452 | SQUID,LONG FINNED (LOLIGO) | 30 | $23 |
| 2004 | 08 | 1452 | SCUP | 64 | $65 |
| 2004 | 08 | 1452 | BLUEFISH | 721 | $255 |
| 2004 | 08 | 1452 | MENHADEN | 245 | $52 |
| 2004 | 08 | 1452 | STRIPED BASS | 494 | $1,192 |
| 2004 | 08 | 1452 | SEA BASS,BLACK | 10 | $8 |
| 2004 | 08 | 1452 | BONITO,ATLANTIC | 70 | $105 |
| 2004 | 08 | 1452 | FLOUNDER,SUMMER (FLUKE) | 267 | $428 |
| 2004 | 09 | 1452 | SCUP | 1,284 | $1,227 |
| 2004 | 09 | 1452 | BLUEFISH | 694 | $136 |

DOC/NOAA/NMFS
SYSTEMS MANAGEMENT DEVELOPMENT SECTION
2004 REPORTS FROM H.N. WILCOX FISHING INC.
FROM DEALER WEIGHOUT DATABASE

11/26/2007

| | | | | | |
|---|---|---|---|---|---|
| 2004 | 09 | 1452 | MENHADEN | 26,005 | $2,798 |
| 2004 | 09 | 1452 | BUTTERFISH | 30 | $11 |
| 2004 | 09 | 1452 | STRIPED BASS | 857 | $2,761 |
| 2004 | 09 | 1452 | MACKEREL,KING | 8 | $11 |
| 2004 | 09 | 1452 | TRIGGERFISHES | 5 | $4 |
| 2004 | 09 | 1452 | SEA BASS,BLACK | 9 | $39 |
| 2004 | 09 | 1452 | BONITO,ATLANTIC | 120 | $240 |
| 2004 | 09 | 1452 | MACKEREL,SPANISH | 108 | $163 |
| 2004 | 09 | 1452 | FLOUNDER,SUMMER (FLUKE) | 310 | $364 |
| 2004 | 09 | 1452 | SEA TROUT,GRAY(WEAKFISH) | 23 | $33 |
| 2004 | 10 | 1452 | SCUP | 4 | $4 |
| 2004 | 10 | 1452 | BLUEFISH | 495 | $50 |
| 2004 | 10 | 1452 | MENHADEN | 1,005 | $126 |
| 2004 | 10 | 1452 | STRIPED BASS | 215 | $447 |
| 2004 | 10 | 1452 | FLOUNDER,SUMMER (FLUKE) | 16 | $20 |

DOC/NOAA/NMFS
SYSTEMS MANAGEMENT DEVELOPMENT SECTION
2003 REPORTS FROM H.N. WILCOX FISHING INC.
FROM DEALER WEIGHOUT DATABASE

11/26/2007

| | | | | | |
|---|---|---|---|---|---|
| 2003 | 08 | 1452 | BLUEFISH | 1,165 | $471 |
| 2003 | 08 | 1452 | STRIPED BASS | 435 | $1,025 |
| 2003 | 08 | 1452 | MACKEREL,KING | 6 | $5 |
| 2003 | 08 | 1452 | SHAD,AMERICAN | 15 | $1 |
| 2003 | 08 | 1452 | TRIGGERFISHES | 117 | $47 |
| 2003 | 08 | 1452 | SEA BASS,BLACK | 55 | $98 |
| 2003 | 08 | 1452 | BONITO,ATLANTIC | 165 | $165 |
| 2003 | 08 | 1452 | MACKEREL,SPANISH | 5 | $5 |
| 2003 | 08 | 1452 | MACKEREL,ATLANTIC | 200 | $50 |
| 2003 | 08 | 1452 | TUNA,LITTLE (TUNNY) | 75 | $10 |
| 2003 | 08 | 1452 | FLOUNDER,SUMMER (FLUKE) | 401 | $589 |
| 2003 | 08 | 1452 | SEA TROUT,GRAY(WEAKFISH) | 18 | $21 |
| 2003 | 09 | 1452 | STRIPED BASS | 621 | $1,633 |
| 2003 | 09 | 1452 | MACKEREL,KING | 5 | $5 |
| 2003 | 09 | 1452 | SHAD,AMERICAN | 30 | $3 |
| 2003 | 09 | 1452 | TUNA,SKIPJACK | 1,000 | $500 |
| 2003 | 09 | 1452 | SEA BASS,BLACK | 3 | $12 |
| 2003 | 09 | 1452 | BONITO,ATLANTIC | 4 | $6 |
| 2003 | 09 | 1452 | FLOUNDER,WINTER | 48 | $77 |
| 2003 | 09 | 1452 | FRIGATE MACKEREL | 350 | $70 |
| 2003 | 09 | 1452 | FLOUNDER,SUMMER (FLUKE) | 378 | $546 |
| 2003 | 09 | 1452 | SQUID,LONG FINNED (LOLIGO) | 593 | $533 |

THESE DATA ARE PRELIMINARY AND ARE SUBJECT TO CHANGE

DOC/NOAA/NMFS
SYSTEMS MANAGEMENT DEVELOPMENT SECTION
2002 REPORTS FROM H.N. WILCOX FISHING INC.
FROM DEALER WEIGHOUT DATABASE

11/26/2007

| YEAR | MONTH | DEALNUM | SPPNM | POUNDS | VALUE |
|---|---|---|---|---|---|
| 2002 | 04 | 1452 | SCUP | 917 | $957 |
| 2002 | 04 | 1452 | TAUTOG | 200 | $145 |
| 2002 | 04 | 1452 | BUTTERFISH | 100 | $60 |
| 2002 | 04 | 1452 | STRIPED BASS | 15 | $40 |
| 2002 | 04 | 1452 | SEA BASS,BLACK | 176 | $384 |
| 2002 | 04 | 1452 | MACKEREL,ATLANTIC | 7,245 | $3,033 |
| 2002 | 04 | 1452 | FLOUNDER,SUMMER (FLUKE) | 591 | $656 |
| 2002 | 04 | 1452 | SQUID,LONG FINNED (LOLIGO) | 11,590 | $6,883 |
| 2002 | 05 | 1452 | SCUP | 198,255 | $80,048 |
| 2002 | 05 | 1452 | SKATES | 255 | $49 |
| 2002 | 05 | 1452 | BLUEFISH | 1,076 | $328 |
| 2002 | 05 | 1452 | GOOSEFISH | 48 | $66 |
| 2002 | 05 | 1452 | BUTTERFISH | 1,635 | $823 |
| 2002 | 05 | 1452 | EEL,CONGER | 6 | $3 |
| 2002 | 05 | 1452 | STRIPED BASS | 137 | $379 |
| 2002 | 05 | 1452 | DOGFISH,SPINY | 105 | $12 |
| 2002 | 05 | 1452 | SHAD,AMERICAN | 351 | $38 |
| 2002 | 05 | 1452 | SEA BASS,BLACK | 5,317 | $10,076 |
| 2002 | 05 | 1452 | SHARK,SAND TIGER | 8 | $1 |
| 2002 | 05 | 1452 | HAKE,ATLANTIC,RED | 45 | $16 |
| 2002 | 05 | 1452 | MACKEREL,ATLANTIC | 14,015 | $3,505 |
| 2002 | 05 | 1452 | FLOUNDER,SUMMER (FLUKE) | 1,921 | $3,792 |
| 2002 | 05 | 1452 | SEA TROUT,GRAY(WEAKFISH) | 198 | $143 |
| 2002 | 05 | 1452 | SQUID,LONG FINNED (LOLIGO) | 17,840 | $8,868 |
| 2002 | 06 | 1452 | SCUP | 3,684 | $4,220 |
| 2002 | 06 | 1452 | SKATES | 15 | $4 |
| 2002 | 06 | 1452 | BLUEFISH | 2,133 | $260 |
| 2002 | 06 | 1452 | BUTTERFISH | 820 | $412 |
| 2002 | 06 | 1452 | STRIPED BASS | 2,466 | $5,773 |
| 2002 | 06 | 1452 | DOGFISH,SPINY | 15 | $3 |
| 2002 | 06 | 1452 | SHAD,AMERICAN | 3,790 | $381 |
| 2002 | 06 | 1452 | SEA BASS,BLACK | 30 | $44 |
| 2002 | 06 | 1452 | SHARK,SAND TIGER | 18 | $4 |
| 2002 | 06 | 1452 | FLOUNDER,SUMMER (FLUKE) | 240 | $362 |
| 2002 | 06 | 1452 | SEA TROUT,GRAY(WEAKFISH) | 1,095 | $1,175 |
| 2002 | 06 | 1452 | SQUID,LONG FINNED (LOLIGO) | 100 | $51 |
| 2002 | 07 | 1452 | SCUP | 333 | $245 |
| 2002 | 07 | 1452 | SKATES | 15 | $4 |
| 2002 | 07 | 1452 | BLUEFISH | 2,716 | $538 |
| 2002 | 07 | 1452 | GOOSEFISH | 15 | $19 |
| 2002 | 07 | 1452 | SHARK,UNC | 40 | $11 |
| 2002 | 07 | 1452 | BUTTERFISH | 20 | $10 |
| 2002 | 07 | 1452 | EEL,CONGER | 7 | $4 |
| 2002 | 07 | 1452 | STRIPED BASS | 2,639 | $4,551 |
| 2002 | 07 | 1452 | SHAD,AMERICAN | 3,960 | $320 |

THESE DATA ARE PRELIMINARY AND ARE SUBJECT TO CHANGE

DOC/NOAA/NMFS
SYSTEMS MANAGEMENT DEVELOPMENT SECTION
2002 REPORTS FROM H.N. WILCOX FISHING INC.
FROM DEALER WEIGHOUT DATABASE

11/26/2007

| | | | | | |
|---|---|---|---|---|---|
| 2002 | 07 | 1452 | TRIGGERFISHES | 1 | $1 |
| 2002 | 07 | 1452 | SEA BASS,BLACK | 59 | $66 |
| 2002 | 07 | 1452 | SALMON,ATLANTIC | 9 | $9 |
| 2002 | 07 | 1452 | SHARK,SAND TIGER | 7 | $1 |
| 2002 | 07 | 1452 | SEA TROUT,GRAY(WEAKFISH) | 1,402 | $1,479 |

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| SEAL ROCK TRAP COMPANY, INC., Plaintiff | ) | IN ADMIRALTY |
| v. | ) | Civil Action No: CA-07-088-T |
| THE UNITED STATES OF AMERICA, Defendant | ) | |

**PLAINTIFF'S ANSWERS TO INTERROGATORIES PROPOUNDED UPON IT BY THE DEFENDANT**

The plaintiff, Seal Rock Trap Company, Inc., hereby responds to those interrogatories propounded upon it by the Defendant, the United States of America.

**GENERAL OBJECTIONS**

The plaintiff objects to all of the defendant's interrogatories insofar as they seek the disclosure of information protected by the attorney-client and attorney work-product privileges, or materials prepared in the anticipation of litigation or trial. The plaintiff further objects to all the defendant's interrogatories insofar as they seek information that is irrelevant to the claims or defenses of either party in this case, not reasonably calculated to lead to admissible evidence, and that would be unduly burdensome to provide. Notwithstanding said objections, the plaintiff provides its following responses:

**INTERROGATORY NO. 1:**

Identify each and every witness regarding the alleged incident, including but not limited to each and every person with whom the alleged incident was discussed, who witnessed or investigated the alleged incident, or who observed plaintiff's alleged damages or injuries, and specify what was they witnessed.

**RESPONSE TO INTERROGATORY NO. 1:**

The plaintiff objects to this interrogatory insofar as it seeks information that is protected by the attorney-client privilege and is otherwise outside the scope of discovery pursuant to Rule 26. Notwithstanding said objection:

1. Thomas K. Toolis, Marine Surveyor
Marine Safety Consultants, Inc.
26 Water St.
Fairhaven, MA
(508) 996-4110

*Investigated and observed the damages on the plaintiff's fish trap*

2. Michael Parascandolo
18 Sage Ct.
Johnston, RI 02919

*Witnessed the loss of catch due to the damaged trap.*

3. Anthony Parascandolo, Jr.
4 Oakview Terrace
Glocester RI 02857

*Tended to and observed the damages of the plaintiff's fish trap*

4. Capt. Andy Casey
Safe/Sea
60 Reynolds Street
Wickford, RI
(401) 295-8711

*Observed the IDA LEWIS approach the fish trap on April 30, 2005..*

***Please be advised that Michael and Anthony Parascandolo are all involved in the management and operation of Seal Rock Trap Co., Inc., which is represented by counsel in this matter, and that any direct communications to said persons in the absence of counsel are prohibited by the Rules of Professional Conduct.***

**<u>INTERROGATORY NO. 3 (interrogatories omit No. 2):</u>**

If plaintiff's owners, officers or managers have ever been arrested or convicted of a crime in any country, please state the date of the arrest or conviction, the charge(s), the name and address of the court in which they were convicted, the offense you were charged with or were convicted of, and the sentence or other outcome, (i.e. prison term, probation).

**<u>RESPONSE TO INTERROGATORY NO. 3:</u>**

N/A- no such convictions.

**<u>INTERROGATORY NO. 4:</u>**

If plaintiff has ever been involved in any other legal action, whether civil or criminal, as a plaintiff, defendant, please describe the nature of each such action, the name and address of the court where the action was pending and the date of the action.

**RESPONSE TO INTERROGATORY NO. 4:**

The plaintiff, Seal Rock Trap Company, Inc., has not been involved in any other legal action.

**INTERROGATORY NO. 5:**

Please elaborate on paragraph 5 of plaintiff's Complaint and describe in detail the manner in which you claim the incident that gives rise to this case occurred, including the time, date, and specific location of the USCGC IDA LEWIS.

**RESPONSE TO INTERROGATORY NO. 5:**

The plaintiff hereby objects to this interrogatory because it seeks the legal opinions of the plaintiff's attorneys, and asks for legal conclusions, and for information that is otherwise outside the scope of discovery pursuant to Fed. R. Civ. P. 26. Notwithstanding said objection, the plaintiff responds that on April 30, 2005, approximately 1635-1700 hours, during daylight, the USCGC IDA LEWIS allided with the plaintiff's fish trap located at 41025.9'N 071 19.59'W and end of leader 41°26'.11 N 071° 19.95'W. The IDA LEWIS entangled with the east wing of the trap, cutting the leader line, and otherwise damaging the trap. The trap was clearly visible both by the naked eye and by radar. The trap was located in a designated fish trap area. The location of the trap was marked on charts.

**INTERROGATORY NO. 6:**

Please provide the name and, if know, the address and telephone number of each individual likely to have discoverable information that the plaintiff may use to support its claims, unless solely for impeachment, identifying the subjects of the information.

**RESPONSE TO INTERROGATORY NO. 6:**

Please see plaintiff's response to Interrogatory No. 1.

**INTERROGATORY NO. 7:**

Please specify from the date of the alleged incident, each category of monetary damages (including but not limited to specific amounts, dates these amounts apply to, methods of computation, deductions for taxes, and any money earned during the period) you contend plaintiff is entitled to as a result of the alleged incident, identify each person

who has knowledge pertaining to proof o f each item of damage, and identify all documents pertaining to these damages.

**RESPONSE TO INTERROGATORY NO. 7:**

Please refer to the plaintiff's Initial Disclosures for the specified amount of damages divided by their categories. Please refer to those documents already disclosed to you in support of those damages, specifically the invoices and bills with regard to repair of the fish trap, and the record of past catch of the plaintiff's fish traps. Michael Parascandolo has knowledge pertaining to proof of each item of damage.

**INTERROGATORY NO. 8:**

Please identify each and every navigation chart, chartlet, navigation publication, and other navigational aid (including but not limited to Coast Pilots and notices) which indicated the location of plaintiff's fish trap. This request specifically excludes notations of "Fish Trap Areas" on National Oceanic and Atmospheric Administration ("NOAA") charts.

**RESPONSE TO INTERROGATORY NO. 8:**

The plaintiff hereby objects to this interrogatory insofar as it seeks information outside of the plaintiff's knowledge, that would be unduly burdensome to provide. Notwithstanding said objection, to plaintiff's knowledge, its fish trap's specific location, exclusive of those fish trap areas on NOAA charts, was indicated on the chart provided by the Rhode Island Department of Environmental Management, which is located on page USA- 23 of those documents disclosed to plaintiff in initial discovery.

**INTERROGATORY NO. 9:**

Please specify each and every effort plaintiff made to mitigate, lessen and reduce any damages claimed, including but not limited to what plaintiff did, the dates during which plaintiff made these efforts, the dollar amount by which plaintiff mitigated damages and any reasons plaintiff had for discontinuing efforts to mitigate its damages.

**RESPONSE TO INTERROGATORY NO. 9:**

Repairs to the fish trap were not completed until after the season for scup ended in 2005. The reasons repairs to the fish trap were made at this time were because the season for scup is limited, and because the net was so severely damaged that repairs could not be made before the season's end . Further, the plaintiff had to tend to its other fish traps, especially since the plaintiff's trap was damaged. As a result, two seasons of fishing were lost with the trap, as the damage was extensive and the plaintiff's resources are limited to conduct the repairs. The plaintiff's did fish another trap in the area during the

2006 season for scup, but this trap was only a 12 fathom, rather than 14 fathom trap such as the one severely damaged by the IDA LEWIS.

**INTERROGATORY NO. 10:**

Please specify all applicable statutes regulations, or other requirements, in effect at the time of the incident, which were violated by any party in this action, including plaintiff, and which but for such violation could have prevented or mitigated its alleged injuries, and specify how plaintiff alleges they were violated, including but not limited to which party violated which statute, regulation, or other requirement.

**RESPONSE TO INTERROGATORY NO. 10:**

The plaintiff objects to this interrogatory because it seeks purely the mental impressions and work product of Plaintiff's attorneys, legal conclusions, information that would be unduly burdensome to provide, and information that is otherwise outside the scope of discovery pursuant to Fed. R. Civ. P. 26.

**INTERROGATORY NO. 11:**

Specify the full value of the lost catch from plaintiff's fish trap, and

(a) state each and every fact upon which you base this valuation of the lost catch;
(b) identify each and every person with knowledge of the valuation of the catch; and
(c) identify each and every document which in any manner supports, refutes, pertains to, or relates to the valuation of the catch.

**RESPONSE TO INTERROGATORY NO. 11**

The plaintiff objects to this interrogatory insofar that it seeks information that is outside the plaintiff's knowledge and would be otherwise unduly burdensome to provide. Notwithstanding said objection, the full value of the lost catch from the plaintiff's fish trap is $400,000. This is based on the fact that Seal Rock would have caught 25,000 pounds of scup per day in May 2005, which would have a gross value of $375,000, would have caught the limit on C Bass (100 lb/day) and the limit on Fluke (100 lb/day), which would have a value at another $20,000. In addition to the squid the trap would catch, the total loss is well over $400,000. As to the amounts the trap would have caught, this is based on the performance of the trap in past years and on the comparative performance of another fish trap of the plaintiff's in past years and on the year of loss-2005, all of which is documented in notations provided by Michael Parascandolo, a person having knowledge of the valuation of the catch, which were provided to you pursuant to the plaintiff's initial disclosures.

**INTERROGATORY NO. 12:**

If plaintiff intends to have evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence, please identify each witness, including field of expertise, e.g., marine biologist, marine surveyor, etc.; specify the substance of the facts and opinions to which the witness is expected to testify, including the grounds for each opinion; identify all reports, drafts, letters, opinions, memoranda or other documents, photographs, slides, motion pictures, video cassettes, charts or diagrams rendered by the witnesses; and identify all documents on which such witness relied in forming the opinions.

**RESPONSE TO INTERROGATORY NO. 12:**

At this time, the plaintiff intends to call Thomas K. Toolis, a marine surveyor to testify as to the cause and extent of the fish trap's damages, and as to the location of the fish trap. Please see Response to Interrogatory No. 1 for his contact information. Please refer to his report with accompanying photographs already furnished to you in plaintiff's initial disclosures.

Signed this 30 day of November, 2007:

Anthony Parascandolo

Objections By,

Stephen M. Ouellette, Esquire
BBO No.: 543752
OUELLETTE & SMITH
127 Eastern Ave., Suite 1
Gloucester, MA 01930
Tel: (978) 281-7788
Fax: (978) 281-4411