**U.S. Department of Justice**

Torts Branch, Civil Division
Post Office Box 14271
Washington, D.C. 20044-4271

mrhyde
Telephone: (202) 616-4033
Facsimile: (202) 616-4159

December 4, 2007

Via FEDEX
Stephen M. Ouellette
Ouellette & Smith
127 Eastern Avenue, Suite 1
Gloucester, MA 01930
tel: (978) 281-7788

Re: *Seal Rock Trap Co., Inc. v. United States*
U.S.D.C. R.I. Civil No: 07-088T
DJ # 61-66-44

Dear Mr. Ouellette:

I am in receipt of your November 30, 2007 e-mail, attached, and the discovery responses and 30(b)(6) Notice you delivered via e-mail on the same date. This letter responds to various issues raised as follows:

A. Your 30(b)(6) Deposition(s):

Initially, I note that you have noticed a 30(b)(6) deposition in your offices in Gloucester, Mass on December 13, 2007. Several of the persons most knowledgeable about the various topics you list in the 30(b)(6) deposition notice are not located in Gloucester. Indeed, most are located out of state. We will make them available for deposition, but it will be necessary for you to travel to them or arrange for satellite depositions, whichever you prefer.

1. The person most knowledgeable about the navigation and operation of IDA LEWIS on November 30, 2005 is LT Mark Crysler. He is currently stationed and will be made available in Newport, Rhode Island. LT Crysler is currently deployed but and can be made available on December 18 or 19, 2007.

2. The person most knowledgeable about the data retention and retrieval systems onboard all Coast Guard vessels, including but not limited to, the COMDAC Integrated Navigation System ("COMDAC INS"), and the Electronic Chart Precise Integrated Navigation System ("ECPINS") is stationed at the Command and Control Engineering Center in Norfolk, VA. We will be happy to make him available in Virginia.

3. The person most knowledgeable with the navigational and operational capabilities of all electronic navigation systems onboard IDA LEWIS is stationed at the Command and Control Engineering Center in Norfolk, VA. We will be happy to make him available in Virginia.

4. The United States will not provide a witness knowledgeable about the investigation into the alleged allision between IDA LEWIS and the fish trap. The investigation was conducted under the direction and supervision of attorneys for the United States in anticipation of litigation. As such, the information gleaned by the investigator is subject to the investigative privilege described at Fed. Rule. Civ. P. 26(b)(3) and the work-product privilege.

5. The person most knowledgeable about the operational capabilities of the IDA LEWIS is LT Mark Crysler.

6. The person most knowledgeable about the retention of navigational data aboard IDA LEWIS is BMC Jeffrey Rivett. Chief Rivett is currently stationed in South Port, North Carolina.

7. The person most knowledgeable regarding the downloading and/or printing of navigational information regarding the IDA LEWIS' positions on April 30, 2005 cannot be identified. The United States' identifies attorney LT Lisa LaPearle as the person who requested and obtained the information. LT LaPearle was acting in the course and scope of her duties as an attorney for the United States Coast Guard when the information was requested. LT LaPearle also was conducting an investigation in anticipation of litigation at the time of the request. She will not be provided for deposition. LT Crysler and BMC Jeffrey Rivett can speak generally regarding efforts made to download the data.

B. <u>The Depositions Mentioned in Your E-mail of November 30, 2007</u>:

1. You have requested the deposition of Mr. Crystal. I am not sure to whom you refer.

2. You would like to take the depositions of whomever was on the bridge and at the helm of IDA LEWIS at or near the time of the alleged incident. Those persons include LT Mark Crysler stationed in Newport, Rhode Island, BMC Jeffrey Rivett, who is currently stationed in South Port, North Carolina, Petty Officer Christina Boozeman, who is currently stationed in San Pedro, CA and Petty Officer Michael Pitts, who is no longer in the Coast Guard. Mr. Pitts last know address is in Boston, Massachusetts.

I have contacted Petty Officer Boozeman. She is unavailable for depositions until December 29, 2007. BMC Rivett is currently the Officer in Charge of USCGC BLACKBERRY. He does not respond to my phone messages and may be currently underway. I will continue to try to contact him.

3. You would like to depose the person most knowledgeable of the ECPINS ATON system. This individual is located in Norfolk, VA, at the at the Coast Guard Command and Control Engineering Center.

C. <u>Your Responses to the United States' Request for Production</u>:

I have listed below your discovery responses that we deem deficient. Please let me know your position on these issues as soon as possible so that I may know how to proceed.

1. Request for Production No. 5.

The United States' fifth Request for Production requests all documents which plaintiff contends supports its claim for damages.

You have responded that all such documents were included in your Initial Disclosures made pursuant to Fed. Rule Civ. P. 26, and the sixteen pages of documents from the National Marine Fisheries Service, Standard Atlantic Fisheries Information System ("SAFIS") provided with your answers to our Request for Production. You have provided no further information, documentation, pictures or descriptions beyond the National Marine Services documents and a one page Seal Rock Trap payroll distribution which generically describes total amounts paid to Seal rock Trap employees for the year 2005.

To be clear, I understand that you will provide no further documentation to support your claims and damages. I will be deposing Seal Rock Trap employees in the near future and will rely solely on the documentation you have provided to date to conduct those depositions.

2. Request for Production No. 6.

The United States' has requested all invoices, records proof of payment and/or bills of sales for the allegedly damaged fish trap (or fish trap component parts) for the period encompassing April 2005, through present. You object to the Request in that it would be unduly burdensome.

We dispute your objection and request any and all documentation regarding payments for repair of the fish trap. To date, you have provided an unsigned two-page

estimate of repair submitted to "H. N. Wilcox" with Industrial Marine Marketing letterhead. (Neither a representative of Industrial Marine Marketing, nor a representative of H. N. Wilcox is listed in your response to Interrogatory No. 6, wherein we requested you list those persons with discoverable information. We therefore assume that this estimate was not intended for the Seal Rock fish trap.) Please provide the documents immediately.

3. Request for Production No. 7.

The United States has requested all pay documentation evidencing work-hours spent repairing the fish trap.

You have objected that providing such documentation would be burdensome, referred the United States to documentation provided in your initial disclosures and cited the one-page payroll distribution which generically sets forth the total hours worked in the year 2005 of persons who are assumed to be Seal Rock employees.

While providing pay vouchers, pay stubs, accounting ledgers and/or time slips might be burdensome, we are concerned that plaintiffs will eventually want to use these documents to calculate damages. If they are not produced prior to the depositions of Michael and Anthony Parascandola, we will object to their use at trial

4. Request for Production No. 8.

The United States requested all documentation of pay vouchers, pay stubs, accounting ledgers, and/or time slips evidencing work performed by Seal Rock trap Company, its officers and agents, between April 30, 2005 and June 13, 2005, the date on which plaintiff's expert, Marine Safety Consultants, examined the fish net in question.

You refer the United States to documents already disclosed pursuant to Fed. Rule Civ. P. 26 and the one page payroll distribution. Neither the documents you provided in your Initial Disclosures nor the payroll distribution are responsive to the request. Please provide the documents immediately.

5. Request for Production No. 9.

The United States requested copies of all pay stubs evidencing overtime worked by plaintiff's employees during the three months immediately following the date of the alleged incident.

You refer the United States to documents already disclosed pursuant to Fed. Rule Civ. P. 26 and the one page payroll distribution. Neither the documents you provided in your Initial Disclosures nor the payroll distribution are responsive to the request. Please

provide the documents immediately and/or indicate whether such documents exist.

6. Request for Production No. 10.

The United States requested any and all invoices, records, proof of payment and/or bills of sale for any and all fish traps (or fish trap component parts) purchased by Seal Rock Trap Company, its officers, or agents for the period encompassing January 2005, through present.

You refer the United States to documents already disclosed pursuant to Fed. Rule Civ. P. 26. The documents you provided in your Initial Disclosures are not responsive to the request. Please provide the documents immediately.

7. Request for Production No. 11.

The United States requested that Seal Rock provide any and all invoices, records, proof of payment and/or bills of sale, fish tickets, fish harvest reports and/or other evidence supporting the handwritten computation of damages submitted via counsel's letter of August 15, 2007.

Your response indicates that the computation of damages is based upon information submitted to the Standard Atlantic Fisheries Information System and have supplied a copy of SAFIS information for Seal Rock Trap Co. and H. N. Wilcox Fishing, Inc. This is not responsive to the request.

You have provided information received from the National Marine Fisheries Service via a letter dated November 26, 2007. This information could not have been the basis for the computation of damages submitted August 15, 2007. Further, our request seeks *all* information that supports the computation of damages. Please provide the requested information immediately.

8. Request for Production No. 12.

The United States requested all records of fish trap catch and sale for Wilcox and Seal Rock traps (referenced in the handwritten notes accompanying counsel's letter of August 15, 2007) for the years 2002 through present.

You refer the United States to documents already disclosed pursuant to Fed. Rule Civ. P. 26 and the sixteen-page SAFIS information. All of the documents to which you refer the United States are based on hearsay and inadmissable. To date you have not provided information which you would be able to use at trial to prove lost catch. Please advise whether any other documentation exists.

9. Request for Production No. 14.

The United States requested any and all invoices, records, proof of payment and/or bills of sale to support the allegation in paragraph six of plaintiff's complaint that it had to replace its fish trap.

You refer the United States to documents already disclosed pursuant to Fed. Rule Civ. P. 26. None of the previously produced documents indicate that the fish trap allegedly damaged by the United States was replaced. Please provide such documentation immediately and/or indicate whether such documents exist.

10. Request for Production No. 17.

The United States requested any and all documents or reports or tangible things that evidence plaintiff's attempts to mitigate its damages.

You refer the United States to documents already disclosed pursuant to Fed. Rule Civ. P. 26. However, in your response to United States' Interrogatory No. 9, you indicate that repairs to the allegedly damaged fish trap were made after the season for scup ended in 2005. No invoices or time records for those persons completing the repairs are provided. Further, no evidence of receipts for repair items have been produced. Such documentation would be responsive to Request No. 17 and is requested immediately.

11. Requests for Production Nos. 19 through 24.

The United States has requested all documentation of any kind furnished by the Plaintiff, or its attorneys, to Marine Safety Consultants, Inc., and any other expert expected to testify in the above captioned matter, any documents provided to the plaintiff or its attorneys by Marine Safety Consultant's, and any information, documents, charts , graphs, files

You responded variously that the Requests seek discovery outside the possession control or custody of the plaintiff, seek information protected by the attorney-client or attorney work product privileges, and is otherwise outside the scope of discovery. Notwithstanding the objection, you refer the United States to documents already disclosed pursuant to Fed. Rule Civ. P. 26.

We dispute your objections. All documentation of any kind furnished by the Plaintiff, or its attorneys, or any other party to this case, or their attorney is discoverable. This includes any correspondence between yourself or Seal Rock Trap Co. and Marine Safety Consultants.

Any material provided to Marine Safety Consultants was given to an expert expected to testify in litigation, so any attorney-client privilege is waived. Further, all treatises, books, pamphlets, or any other documentation or information relied on, either directly or indirectly, in whole or in part, by Marine Safety Consultants and any charts, graphs, photographs, or other pictorial displays used by, prepared by, or referred to, by Marine Safety Consultants are discoverable. Marine Safety Consultants is clearly in the employ of Seal Rock Trap Co., so the information held by it is in the possession of plaintiff. Your responses are deficient if there are documents or any other discoverable material in the possession of Marine Safety Consultants which you have not provided. Please provide such information immediately.

I would like to depose CAPT Andy Casey and your Marine Surveyor, Thomas Toolis during the week of December 17, 2007. Please let me know if CAPT Casey would be willing to sit for the deposition in your offices. Otherwise, I will notice his deposition in or near his hometown of Wickford, RI.

Attached please find the United States' Second Set of Interrogatories to Plaintiff and Second Request For Production. Although I plan to depose Michael and Anthony Parascandola, the lack of response to our written discovery prohibits me from doing so at this time. To that end, I would appreciate your assistance in obtaining the documents in a timely manner.

With kind regards,

ROBB HYDE
Trial Attorney