UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| SEAL ROCK TRAP COMPANY, INC., Plaintiff | ) | IN ADMIRALTY |
| v. | ) | Civil Action No: CA-07-088-T |
| THE UNITED STATES OF AMERICA, Defendant | ) | |

**PLAINTIFF'S ANSWER TO DEFENDANT'S SECOND INTERROGATORIES**

The Plaintiff hereby answers the defendant's second interrogatories pursuant to Fed. Rule. Civ. P. 26 and 33.

Int.13: Please identify each and every person or entity involved in the repair of the plaintiff's fish trap allegedly damaged on April 30, 2005, including but not limited to each and every person from whom materials were procured, each and every person completing repairs, and each and every person overseeing the repair of the trap.

Ans.13: The persons who repaired and oversaw the repair of the trap were Anthony Parascandolo, Jr. and Anthony Parascandolo, Sr. of Seal Rock Trap Company, Inc., Parascandolo & Sons, Inc., and of H.N. Wilcox Fishing, Inc. Repairs were also periodically conducted by the employees of these companies, as referenced in the wage data business records provided in the Plaintiff's Second Production of Documents.

Int.14: Please identify each and every person upon whom Plaintiff's will rely to provide evidence of damage and computation of lost catch.

Ans.14: Michael Parascandolo and Anthony Parascandolo.

Int.15: Please identify each and every person in the employ of Seal Rock Trap Co., and/or H.N. Wilcox Fishing, Inc., and Parascandola & Sons, Inc., for the period beginning on April 30, 2005 and ending when repairs were completed to the fish trap (as indicated in Response No. 9 to United States First Set of Interrogatories), indicating the position within the company of each person so identified.

Ans.15: Please refer to the wage data business records of Seal Rock Trap Co., Inc. and H.N. Wilcox Fishing, Inc., and Parascandolo & Sons, Inc. supplied with the Plaintiff's Second Production of Documents, which indicates who was employed by these companies at this time. The employees had no particular designation within the company, other than general employees.

Int.16: Please identify by specific dates any lost fishing time you attribute to the damage to the fish trap alleged in this lawsuit.

Ans.16: All fishing time the fish trap would have had between April 30, 2005 and May 1, 2007.

Int.17: Please identify the number and size of fish traps owned, possessed or under the control of Seal Rock Trap Co., and/or H.N. Wilcox Fishing Inc. during the years 2005 and 2006, indicating the location in which each fish trap was deployed, the dates the traps were deployed and, indicating the size, number and condition of any traps that were undeployed during the time frame specified.

Ans.17: Seal Rock Trap Company had its 14 fathom, Seal Rock Trap deployed in April 28 or 29, 2005 off Seal Rock as indicated in Line 1, SR-C on p. USA 23, in your initial disclosures. This trap was then damaged on April 30, 2005. Seal Rock Trap Company deployed its 12 fathom Gull Rock trap in August 2005 for the remainder of the season, located at 117 SR on page USA 23 in your initial disclosures. This trap was also deployed at this location for the entire 2006 season.

H.N. Wilcox Fishing, Inc. had a 12 Fathom trap deployed at Line 6 CW-B as indicated on page USA 23 of your initial disclosures for both the 2005 and 2006 Seasons. It also had a 9 fathom trap off Sachuest Point indicated as 583-19 C.W. on page USA 24 if your initial disclosures. It also had a 7 fathom trap off of Sakonnet Point, as indicated at 122-19 C.W. on page USA 24 of your initial disclosures.

Int.18: Please identify any and all vessels owned operated or controlled by Seal Rock Trap Co., and/or H.N. Wilcox Fishing, Inc., during the years 2005 and 2006, specifying the age, gross tonnage, horsepower and hold capacity.

Ans.18: Please refer to the certificates of title and registration for the H.N. Wilcox, the Christina Roberta, and the five tender vessels, business records of H.N. Wilcox Fishing Inc. and Seal Rock Trap Company, Inc., attached hereto.

Int.19: Please indicate the purchase or fabrication price and date of purchase or fabrication of the Seal Rock fish trap allegedly damaged in an allision on April 30, 2006.

Ans.19: The trap was initially fabricated around the 1970s, and has been routinely maintenanced since then. The price of fabrication is unknown.

Int.20: Please indicate the date plaintiff became aware of damage to its fish trap, the method plaintiff acquired the information about the damage, and the first date upon which any employee or agent for plaintiff verified the damage.

Ans.20: The plaintiff received a phone call that the IDA LEWIS was seen in close proximity to the fish trap on the evening of April 30, 2005. The next day, Anthony Parascandolo went out to the fish trap and saw it damaged.

Int.21: Please identify all quotas in place for fish traps during the year 2005 (as indicated in the handwritten notes of Michael Parascandolo, submitted to the United States on August 15, 2007,) indicating what percentage of quota was filled by Seal Rock Trap. Co.

Ans.21: Please refer to the RI Dept. of Environmental Management documents provided in Plaintiff's Second Production of Documents indicating the quotas in place for 2005. Please refer to the SAFIS business records provided in Plaintiff's first production of documents and the fish receipts business records provided in Plaintiff's second production of documents for the percentage of these quotas filled by Seal Rock Trap Co., Inc.

Int.22: Please describe in detail the tending of the fish trap allegedly damaged on April 30, 2005, including but not limited to, the vessels used to tend the trap and obtain the catch, the names of the crew, the amount of time on average spent tending the trap.

Ans.22: The trap was tended by the main boat, F/V CHRISTINA ROBERTA, plus three aluminum "side" boats and one or two skiffs. The CHRISTINA ROBERTA would place herself at the head of the trap, two aluminum boats would place themselves at each side of the parlor, and the third aluminum boat would place herself over the kitchen. The crew in the side boats would haul up the trap by hand and the fish would build out onto the CHRISTINA ROBERTA. This operation would involve around 15 men, the identification of whom is indicated in the business payroll records supplied in Plaintiff's Second Production of Documents. The vessels would leave the dock around 6:00 AM, get to the trap in about 45 minutes, taking about 1 hour to haul the trap, and 45 minutes to return.[1]

Int.23: Please identify the dates of fishing, quantity, and value of the catch obtained by Seal Rock Trap Co., or H.N. Wilcox, Inc., using a replacement trap as indicated by plaintiff's statement in response to Interrogatory No. 9.

Ans.23: Please refer to the documents (fish receipts) provided in Plaintiff's Second Production of Documents. All fish data for the 2005 and 2006 season for Seal Rock Trap Co., Inc. was caught by the Plaintiff's trap off Gull Rock.

---

[1] Pictures of this process will be made available for inspection and copying at 1 Mills Wharf, Newport, MA on December 18, 2007.

Signed this 14th day of December:

Anthony Parascandolo, Jr.

CERTIFICATE OF SERVICE

I, Stephen M. Ouellette, attorney for the Plaintiff herein, hereby certify that I caused to be served a copy of the foregoing document by federal express and email upon Robert Hyde, Esq., attorney for the defendant at P.O. Box 14271, Washington DC 20044-4271, this 14th day of December, 2007.

Stephen M. Ouellette

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| SEAL ROCK TRAP COMPANY, INC., Plaintiff | IN ADMIRALTY |
| v. | Civil Action No: CA-07-088-T |
| THE UNITED STATES OF AMERICA, Defendant | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS**

The Plaintiff, Seal Rock Trap Company, Inc., hereby responds to the Defendant's Second Request for the Production of Documents pursuant to Fed. R. Civ. P. 26 and 34.

R25: Please produce all corporate income tax statements for seal Rock Trap Co., H.N. Wilcox Fishing, Inc., and Parascandola & Sons, Inc., for the periods encompassing 2001 to the present.

P25: These documents will be made available for the inspection and copying thereof at the office of Parascandolo & Sons, Inc., 1 Mills Wharf, Newport, RI by Tuesday, December 18, 2007.

R26: Please produce all Social Security income and wage data for employees and officers of Seal Rock Trap Co., H.N. Wilcox Fishing, Inc., and Parascandola & Sons, Inc., for the years 2001 through present.

P26: These documents will be made available for the inspection and copying thereof at the office of Parascandolo & Sons, Inc., 1 Mills Wharf, Newport, RI by Tuesday, December 18, 2007.

R27: Please produce all documentation of income and outflow for Seal Rock Trap Co., H.N. Wilcox Fishing, Inc., and Parascandola & Sons, Inc., for the time period including April 2005 through January 2006, including but not limited to the following:
(a) Account ledgers;
(b) Bank statements;
(c) Invoices;
(d) Bills of lading;

(e) Disbursements;
(f) Bills;
(g) Receipts;
(h) Any and all evidence of payments received;
(i) Salary payments;
(j) Hourly wage payments;
(k) Any and all evidence of operating expenses; and
(l) Any and all evidence that plaintiff's resources were limited to conduct repairs to its fish trap.

P27: These documents will be made available for the inspection and copying thereof at the office of Parascandolo & Sons, Inc., 1 Mills Wharf, Newport, RI by Tuesday, December 18, 2007.

R28: Please produce any and all evidence that two seasons of fishing were lost with the trap.

P28: Please refer to the photographs of the fish trap taken by the surveyor, already disclosed to you in Plaintiff's initial disclosures. Also please refer to the landings data of Seal Rock Trap, Inc. and the payroll records made available of the inspection and copying thereof at the office of Parascandolo & Sons, Inc., 1 Mills Wharf, Newport, RI by Tuesday December 18, 2007. Also, please refer to the SAFIS data already disclosed to you in Plaintiff's first response to Defendant's production of documents.

R29: Please provide any and all evidence that plaintiff could not repair the fish trap allegedly damaged on April 30, 2005, because the plaintiff had to tend to its other traps.

P29: Please refer to the photographs of the fish trap taken by the surveyor, already disclosed to you in Plaintiff's initial disclosures. Also please refer to the landings data of Seal Rock Trap, Inc. and the payroll records made available of the inspection and copying thereof at the office of Parascandolo & Sons, Inc., 1 Mills Wharf, Newport, RI by Tuesday December 18, 2007. Also, please refer to the SAFIS data already disclosed to you in Plaintiff's first response to Defendant's production of documents.

R30: Please provide any and all invoices, records, proof of payment and or bills of sale for the fish trap which plaintiff used as a replacement trap, or any other trap deployed in the area of the allegedly damaged fish trap after April 30, 2005.

P30: No such documents exist, as all fish traps are manufactured by the company itself.

R31: Please provide any and all documentation of fish catch and for all Seal Rock Trap Co., H.N. Wilcox Fishing, Inc., and Parascandoloa & Sons, Inc., fish trap for the years 2004 through present including but not limited to the following;

(a) invoices,;
(b) records;
(c) proof of payment;
(d) bills of sale;
(e) fish tickets'
(f) ledgers; and,
(g) fish harvest reports.

P31: Please refer to the SAFIS data already disclosed in the Plaintiff's first response to production of documents. Also, please refer to the fish receipts made available for inspection and copying at the office of Parascandolo & Sons, Inc., 1 Mills Wharf, Newport, RI by Tuesday December 18, 2007.

R32: Please provide any and all documentation held by Seal Rock Trap Co., or H.N. Wilcox Fishing, Inc., and Parascandola & Sons, Inc., indicating trap quotas for the years 2001 through present.

P32: Please refer to the Rhode Island Department of Environmental Management's regulations provided herewith.

R33: Please produce any and all material, including but not limited to documents, records, pictures, invoices, fish tickets, and fish harvest reports, which formed the basis of Michael Parascandola's hand written damages estimate submitted to the United States on August 15, 2007.

P33: These documents (fish receipts) will be made available for the inspection and copying thereof at the office of Parascandolo & Sons, Inc., 1 Mills Wharf, Newport, RI by Tuesday, December 18, 2007.

R34: Please provide any and all evidence of the amount of scup caught by Seal Rock Trap Co. during May 2005 including but not limited to the following:
(a) invoices;
(b) records;
(c) proof of payment;
(d) bills of sale;
(e) fish tickets;
(f) ledgers; and,
(g) fish harvest reports.

P34: These documents will be made available for the inspection and copying thereof at the office of Parascandolo & Sons, Inc., 1 Mills Wharf, Newport, RI by Tuesday, December 18, 2007. Also, please refer to the SAFIS documents already provided in Plaintiff's first production of documents.

R35: Please provide any and all documentation indicating how, and with what materials, the trap that was alleged damaged on April 30, 2005, was marked for mariners.

P35: Please refer to the copies of the NOAA chart already submitted to you indicated the fish trap was marked in a fish trap area. Also, please refer to photographs of the fish trap taken by the surveyor already disclosed to you. Also, please refer to the materials from the Rhode Island Department of Environmental Management disclosed by you, page USA 0023, indicating the position of the damaged trap (line 1 SR- C). Also, please refer to any recognized navigational chart of the area which indicates the trap is in a marked fish trap area.

R36: Please provide any and all evidence that the location of the trap was indicated on navigational charts, notices to mariner, or any other document disseminated to mariners.

P36: Please refer to the copies of the NOAA chart already submitted to you indicated the fish trap was marked in a fish trap area. Also, please refer to photographs of the fish trap taken by the surveyor already disclosed to you. Also, please refer to the materials from the Rhode Island Department of Environmental Management disclosed by you, page USA 0023, indicating the position of the damaged trap (line 1 SR- C). Also, please refer to any recognized navigational chart of the area which indicates the trap is in a marked fish trap area.

R37: Please provide any and all documentation of catch obtained by the fish trap allegedly damaged on April 15, 2005, in the thirty days prior to the alleged incident, including but not limited to the following:
(a) invoices;
(b) records;
(c) proof of payment;
(d) bills of sale;
(e) fish tickets;
(f) ledgers; and,
(g) fish harvest reports.

P37: No such documents exist.

R38: Please provide any and all documents, reports or tangible things, that form the basis of the information contained in the document "PAYROLL LABOR DISTRIBUTION: 01/01/2005 through 12/31/2005 H.N. Wilcox Fishing, Inc." provided to the United States with your Responses to our First request for Production.

P38: These documents will be made available for the inspection and copying thereof at the office of Parascandolo & Sons, Inc., 1 Mills Wharf, Newport, RI by Tuesday, December 18, 2007.

R39: Please provide any and all documents, reports, or tangible things which indicate the length of time th fish trap allegedly damaged on April 30, 2005, was unavailable for plaintiff's use.

P39: Please refer to the photographs of the fish trap taken by the surveyor and the report of the surveyor, already disclosed to you in Plaintiff's initial disclosures. Also please refer to the landings data of Seal Rock Trap, Inc. and the payroll records made available of the inspection and copying thereof at the office of Parascandolo & Sons, Inc., 1 Mills Wharf, Newport, RI by Tuesday December 18, 2007. Also, please refer to the SAFIS data already disclosed to you in Plaintiff's first response to Defendant's production of documents.

Respectfully submitted,
**Seal Rock Trap Company, Inc.**
Plaintiff,

OUELLETTE & SMITH
Stephen M. Ouellette, Esq.
BBO No.: 543752
David S. Smith, Esq.
BBO No.: 634865
Olaf Aprans, Esq.
BBO No.: *Pending*
127 Eastern Ave., Suite 1
Gloucester, MA 01930
(978) 281-7788

Dated December 14, 2007

CERTIFICATE OF SERVICE

I, Stephen M. Ouellette, attorney for the Plaintiff herein, hereby certify that I caused to be served a copy of the foregoing document by federal express and email upon Robert Hyde, Esq., attorney for the defendant at P.O. Box 14271, Washington DC 20044-4271, this 14th day of December, 2007.

Stephen M. Ouellette