**U.S. Department of Justice**

Civil Division
Post Office Box 14271
Washington, D.C. 20044-4271

MRHyde
Telephone: (202) 616-4033
Facsimile: (202) 616-4159

January 28, 2008

VIA FEDEX
Bailey & Company, Inc.
Three Commerce Street
Greenville, RI 02828

Re: *SEAL ROCK TRAP v. UNITED STATES*
USDC, RI, Case No. 1:07-cv-00088-T-LDA
DJ# 61-66-44

To whom it may concern:

Please find a subpoena for all files and records including *all tax returns, schedules and supporting documentation* concerning **Seal Rock Trap, Co, Inc., H.N. Wilcox Fishing, Inc.** and **N. Parascandola and Sons, Inc.** for the period of 2002 through present. While the subpoena indicates that you are to make this material available for inspection and copying at the U.S. Department of Justice on February 27, 2008, **it will be sufficient if you simply send suitable copies by mail,** at your earliest convenience, to the following address:

**M. ROBB HYDE, Esq.**
**USDOJ, CIVDIV, Torts Branch, AA**
**P.O. Box 14271**
**Washington, DC 20044-4271**

I am also enclosing a Certification of Authenticity for your signature, or that of your custodian of records. Please sign it before a Notary Public and mail the executed original along with the requested items.

Naturally, we are willing to compensate you for any reproduction costs associated with this subpoena; simply send an invoice. Should you have any questions concerning this request, please contact me at (202) 616-4033.

Thank you for your cooperation and prompt attention to this matter. Please call me with any questions or concerns.

Very truly yours,

ROBB HYDE
Trial Attorney
Torts Branch, Civil Division

cc: Via U.S. Mail

Stephen Ouellette
Ouellette & Smith
127 Eastern Avenue, Suite 1
Gloucester, Massachusetts 01930

**United States District Court**
**District of Rhode Island**

| | |
|---|---|
| **SEAL ROCK TRAP CO., INC.,** | **SUBPOENA IN A CIVIL CASE** |
| **vs.** | **Case Number: 1:07-cv -00088-T-LDA** |
| **UNITED STATES OF AMERICA** | |

To: Bailey & Company, Inc.
Three Commerce Street
Greenville, RI 02828

YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

PLACE OF TESTIMONY — COURTROOM, DATE & TIME

YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

PLACE OF DEPOSITION — DATE & TIME

XXXX YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

**ALL TAX RECORDS FOR SEAL ROCK TRAP CO, INC., H.N. WILCOX FISHING, INC., and N. PARASCANDOLA & SONS, INC.** , **including**, but not limited to Federal and State Tax Returns filed for calendar years 2002, 2003, 2004, 2005, 2006, 2007and 2008; all receipts pertaining to those returns; **all documents supporting the information contained in those returns**; all notes or records pertaining to discussions relating to those returns; all correspondence between you or your office and Seal Rock Trap Co., Inc., H.N. Wilcox Fishing, Inc., and N. Parascandola & Sons, Inc, their principals, officers, or agents.

This includes all records on that have been stored microfiche and electronic media. Such records should be printed for inspection and copying. **In lieu of permitting inspection and copying of the documents, you may mail these records directly to Robb Hyde, at the below address.**

PLACE — DATE & TIME

**PLACE DATE & TIME**
**M. Robb Hyde, Trial Attorney**
**United States Department of Justice**
**Torts Branch, Civil Division**
**Post Office Box 14271**
**Washington, D.C. 20044-4271**

**Noon, February 27, 2008**

YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

PREMISES — DATE & TIME

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

**M. Robb Hyde**
**Trial Attorney**

**January 28, 2008**

**U.S. Dept. of Justice, Civil Division, Torts Branch, P.O. Box 14271, Washington, D.C. 20044-4271, (202) 616-4037**
**Attorney for Defendant United States of America**

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| **SERVED** | **January 28, 2008** | **Torts Branch, Civil Division**<br>**Post Office Box 14271**<br>**Washington, D.C. 20044-4271** |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Bailey & Company, Inc.<br>Three Commerce Street<br>Greenville, RI 02828 | FEDEX |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| M. Robb Hyde | Trial Attorney |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on: January 28, 2008
DATE

[signature]
SIGNATURE OF SERVER

**Torts Branch, Civil Division**
**Post Office Box 14271**
**Washington, D.C. 20044-4271**

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:
(C) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(D) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## CERTIFICATION OF AUTHENTICITY

CAPTION: *Seal Rock Trap Co., Inc. v. United States*
U.S.D.C., RI., C.A. 1:07-cv-00088-T-DLA
DJ# 61-66-45

I am the Custodian of Records for Bailey & Company, Inc., Three Commerce Street, Greenville, Rhode Island 02828.

I hereby certify that a thorough search of our files was made in answer to the Records Subpoena attached hereto, and that the documents provided herein represent a full and complete response to the documents requested in the aforesaid Subpoena.

I further certify that the attached documents are true and correct copies of the originals retained by our office.

SIGNATURE:____________________________

NAME:____________________________
(Please print)

TITLE:____________________________
(Please print)

DATE:____________________________

Sworn and subscribed before me this _______ day of __________________ 2008.

______________________________
NOTARY PUBLIC