UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| SEAL ROCK TRAP COMPANY, INC., Plaintiff | ) | IN ADMIRALTY |
| v. | ) | Civil Action No: 1:07-cv-88 |
| THE UNITED STATES OF AMERICA, Defendant | ) | |

**PLAINTIFF'S REPLY TO THE DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO AMEND COMPLAINT**

NOW COMES, the Plaintiff, Seal Rock Trap Company, Inc., and Replies to the Government's Opposition to its motion to amend the complaint adding H.N. Wilcox Fishing, Inc. and N. Parascandolo & Sons, Inc. as party plaintiffs. In so doing, the Plaintiff respectfully requests that it motion be ALLOWED despite the defendant's opposition thereto, AND DOES NOT OBJECT TO THE ADDITIONAL TIME REQUESTED BY THE Defendant if the motion is allowed.

## ARGUMENT

I. AMENDING THE COMPLAINT IS NOT FUTILE BECAUSE THE NEW PLAINTIFFS' CLAIMS WILL RELATE BACK TO THE ORIGINAL FILING DATE PURSUANT TO RULE 15(c).

The Motion to Amend would serve to add as parties two related business entities that bore the expense of setting, hauling and repairing the trap damaged by the Defendant's buoy tender, and conform the evidence to the pleadings, and bring the full financial picture of the loss, including all expense and mitigation performed by the three related entities. The Defendant opposes amending the complaint to add both H.N.

Wilcox Fishing, Inc. and N. Parascandolo & Sons, Inc. as plaintiffs on the grounds that doing so would be futile, given that the new plaintiffs' claims would be barred by the two year statute of limitations under the Public Vessel's Act, 46 U.S.C. § 31101. The Defendant further insists that such claims would be so barred despite the fact that Rule 15(c) allows amendments to relate back to the date the complaint was originally filed. The defendant correctly contends that in order for a new plaintiff's claim to relate back to that of the old plaintiff's:

> [1] The amended complaint must arise out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading; [2] there must be a sufficient identity of interest between the new plaintiff, the old plaintiff, and their respective claims so that the defendants can be said to have been given fair notice of the latecomer's claim against them; and [3] undue prejudice must be absent.

*Young v. Lepone*, 305 F.3d 1, 14 (1st Cir. 2002) (quoting *Allied Int'l, Inc. v. Int'l Longshoremen's Ass'n*, 814 F.2d 32, 35 (1st Cir. 1987). The Defendant concedes that the newly proposed plaintiffs' claims arise out of the same factual scenario as the original complaint. The Defendant, however, argues that the new plaintiffs' claims will not relate back to the original, and are therefore futile, because the last two prongs of the test articulated above are not met, namely (1) there is not a sufficient identity of interest between Seal Rock Trap Company, Inc., H.N. Wilcox Fishing, Inc., and N. Parascandolo & Sons, Inc., so that the defendant can be said to have been given fair notice from the outset of the claims sought to be added late, and (2) amending the complaint would cause the government undue prejudice. *See Young v. Lepone*, 305 F.3d 1, 14 (1st Cir. 2002).

The Government provides a single argument as to why these two prongs were not met: that the plaintiff has been evasive in providing discovery to the Government, and in doing so, the Government has not been adequately apprised as to the interrelationships of

these three companies controlled by the Parascandolo family. On the contrary, Seal Rock Trap has been forthright as to the interrelated nature of the three entities, and how their claims are intertwined. As such, because the government would not be prejudiced in any way by amending the complaint, the new plaintiffs' claims relate back to the original filing date, thereby negating any futility of amending the complaint to add the new plaintiffs based on the statute of limitations. In fact, since Seal Rock Trap owned the trap and stood to benefit from landings, the expense, and ultimately the additional trap temporarily used for mitigation, were rendered by the two entities sought to be added. As such, the Defendant will benefit by the offsets created by these two currently uninvolved parties.

**A. The Defendant was given ample notice of the identity of interest between Seal Rock Trap Company, Inc., H.N. Wilcox Fishing, Inc., and N. Parascandolo & Sons, Inc., and has not been prejudiced in any way.**

Again, the Defendant bases its entire argument that it has not received sufficient notice as to the interrelationships between the three companies, and would accordingly be prejudiced in adding the two new companies as plaintiffs, on the false assertion that the plaintiff has been evasive in providing discovery. The Government's argument as to this point is extremely disconcerting. Plaintiff's counsel has repeatedly offered to make available all of the officers of the three related entities, who are in fact the same. Financial data for all was produced, as requested, and when Defendant's counsel questioned whether he wanted to proceed in early January with the scheduled depositions of Plaintiff's witnesses, Plaintiff's counsel offered to allow him to start the depositions, to reduce travel costs, however Defendant's counsel declined, stating he would take them in

late February.[1] Indeed, the Government goes beyond merely arguing that it did not receive due notice as to the interrelationships of the Parascandolo's three fishing companies; Government counsel takes it upon himself to feign the motives of the Plaintiff, boldly stating it has been engaging in a "shell game," and that

> Plaintiff's argument that the United States has previously been apprised of the multiparty nature of the Parascandola [sic.] fishing enterprise (Pl. Mot. p. 3) is *disingenuous*. In fact, the opposite is true. Plaintiff *intentionally obfuscated* the financial losses of the company and now, when pinned, down, seeks to start over.

Opposition at pp. 6-7 (emphasis added). This sort of thoughtless accusation is not only repugnant to the integrity and civility that *ought* to be embraced by legal professionals; it is a clear misrepresentation made to this Court.

Indeed, the Government misrepresents to this Court that the Plaintiff has been anything but forthright in its discovery disclosures, especially in regards to how these three companies are interrelated. Though the Defendant repeatedly cries throughout its Opposition brief that the discovery provided has somehow been deficient and intentionally evasive, it is clear that these conclusions are groundless, given that the plaintiff has given the defendant *everything* within its possession and knowledge that the defendant has asked for.

Because the plaintiff has been entirely forthright with discovery, and because this discovery has sufficiently apprised the defendant as to the unity of interest between the plaintiff and the two plaintiffs sought to be added, and not prejudicing the defendant in

---

[1] Defendant's counsel makes much of its claim that no response was made to an email proposing dates in late January or early February. To the best of Plaintiff's counsel Stephen M. Ouellette's recollection, Attorney Hyde was advised, by Attorney Ouellette during telephone conversations related to Atty. Hyde's motion to extend discovery, that he was scheduled for oral argument in a fisheries case in Trenton and for trial of a NOAA enforcement case during that period of time, making those dates impossible.

any way, the new plaintiffs and their unity interests with the old plaintiff has been made well known to the defendant, and adding said plaintiffs would not prejudice the defendant at all.

*1. The Plaintiff has been completely apprised as to the earnings of the fish trap owned by Seal Rock Trap Company, Inc.*

To be sure, the defendant complains that it has received no "evidence of what profit was actually lost by Seal Rock, nor why it waited nearly a year to receive an estimate for repair of its trap." Opposition at p. 6. On the contrary, the plaintiff has been entirely forthright in providing a computation of what Seal Rock's fish the trap would have caught had it not been damaged by the IDA LEWIS, which is based on the performance of the plaintiff's own fish trap in prior and subsequent years to the loss, and on the comparative performance of other fish traps. The landings and values thereof belonging to each trap for these years were regularly recorded in the fish receipts for the companies, and were also reported to the National Marine Fisheries Service- both of which were provided to the defendant in discovery. See Dealer landing history of Seal Rock Trap Company attached hereto as "Exhibit A."[2] The lost earning potential of Seal Rock Trap Company, Inc. has therefore been made quite known the defendant through the disclosure of *everything that the plaintiff had* that supports the lost catch.

Despite the fact that Seal Rock Trap Company, Inc. caught significant quantities of fish with its fish trap, its earnings with the trap are not reported on its income tax returns, but are passed through to its interrelated company. Compare Exhibit A with Seal

[2] The plaintiff provided this landing history to the defendant in its Response to the defendant's first request for the production of documents. The defendant, however, represents an incomplete disclosure of what the plaintiff actually provided the defendant in Defendant's Exhibit 2, pp. 12-13, which is only two pages indicating landings only for the year 2005. Plaintiff's Exhibit A hereto provides the full disclosure of this information, of what was actually given to the defendant.

Rock Trap Company, Inc.'s federal income tax returns, attached hereto as "Exhibit B." While Seal Rock Trap Company would own the trap and appropriate fishing permits, N. Parascandolo & Sons, Inc. and H.N. Wilcox Fishing, Inc. would operate, maintain and repair the fish trap, land the fish, and immediately put the catch into wholesale.[3] Thus, while in reality Seal Rock Trap was earning a substantial catch with the trap, this would not be reported on its income tax returns, but as income of the other two companies. Because the shareholders of all three companies are of the same family, and engage in the same fishing operation, goods and services were freely conveyed between the three companies.

The fact of the matter is that the plaintiff is not seeking to add H.N. Wilcox Fishing, Inc. or N. Parascandolo & Sons, Inc. to engage in any "shell game" in an attempt to hide or misrepresent the lost profits of the fish trap as the Government wrongly and rudely alleges- as aforesaid, Seal Rock Trap Company's lost earning potential has been made well known to the defendant already through discovery.[4] Rather, the plaintiff seeks to add H.N. Wilcox Fishing, Inc. and N. Parascandolo & Sons, Inc. because these two other companies bore the costs of operating, maintaining and repairing Seal Rock's fish trap, which is overtly indicated in the payroll and tax records of all three companies, and has been so indicated in the interrogatories provided to the defendant. See Exhibits 2 and 4 to Opposition. In other words, it would be rather *disingenuous* of the plaintiff *not* to add these two other parties, because it would be essentially arguing for the lost earning

[3] This is a common practice with many who engage in fishing operations, due to advantages in light of state and federal fishing regulations of putting a trap and permit in the name of a separate entity.

[4] Plaintiff believes that this claim of improper action on Plaintiff's behalf may be a "preemptive strike" to redirect the Court from the fact that discovery has revealed that while the IDA LEWIS was tracking its position on a minute by minute basis, apparently the USCG officers, who deny they hit the trap, failed to preserve crucial positional data, and allowed it to be written over, even after Plaintiff specifically requested that it be saved within days of the incident. Fortunately, the remaining data proves the incident, which was also witnessed by a third party.

potential without taking into consideration the offset of this profit through costs of operating and maintaining the trap, which Seal Rock Trap Company never bore. Further, the mitigation efforts due to the fish trap's damage on behalf of Seal Rock Trap Company, Inc., were performed by both H.N. Wilcox Fishing, Inc. and N. Parascandolo & Sons, Inc. Thus, all three parties are necessary plaintiffs merely to establish the full picture of what happened in light of operating costs and mitigation efforts.

As such, it makes for a much cleaner and fair case to add both N. Parascandolo & Sons, Inc. and H.N. Wilcox Fishing, Inc. as plaintiffs. Further, this amendment would be to the benefit of all parties, including the defendant, given that the offset of profits to which the government is entitled can only be justly provided if the operating costs of these two additional plaintiffs are considered. The plaintiff seeks to amend for these reasons, not because, as the defendant groundlessly alleges, the plaintiff has heretofore been obfuscating facts intentionally to hide any lack of damages.

*2. The Defendant has been sufficiently notified as to the interrelationships of the three companies.*

It is unbelievable, after the plaintiff has generously and openly disclosed information as to all three companies controlled by the Parascandolo family, information that Plaintiff Seal Rock Trap Company, Inc. theoretically had *no obligation to provide,* but realized it was necessary to accurately portray the entire financial picture,[5] that the Defendant now claims that it did not receive adequate notice as to the identity of interest between Seal Rock Trap Company, Inc., H.N. Wilcox Fishing, Inc., and N. Parascandolo & Sons, Inc. Indeed, the plaintiff has been completely forthright in its answers to the

[5] For example, Seal Rock Trap Company, Inc. is technically not obliged to disclose the tax returns of H.N. Wilcox Fishing, Inc. and/or N. Parascandolo & Sons, Inc., and is in fact not authorized to do so. Because, however, of the close relationships of these companies, plaintiff provided this information at the defendant's request therefor.

defendant's discovery requests, many of these answers revealing how the three companies are interrelated. See Exhibits 1, 2, and 4 to Opposition. Clearly, the fact that the shareholders, officers and directors of all three companies are the same people and members of the same family, the fact that the three companies share the same business address, and use the same accountant make it clear that the three companies are interrelated. Further, it was made well-known to the defendant through discovery that H.N. Wilcox Fishing, Inc.'s employees and materials were used to repair the trap while at the same time stating that repairs were conducted internally, which also places the defendant on such notice. See Exhibits 1, 2, and 4 to Opposition.

The Government cannot honestly say that it was denied the opportunity to depose the officers and directors of the three companies to further discover the intricacies of the Parascandolo enterprise, since they were offered to the Defendant, as often as needed. In support of its contention that it has been so denied, the Government provides a single email stating that it would "would like to depose the Parascandolos [sic.] the last week of January or on the first week of February if that can be arranged."[6] Exhibit 5 to Opposition.[7] As noted above, Plaintiff's lead counsel was otherwise engaged. The fact of the matter is that Attorney Stephen M. Ouellette not only offered, but *encouraged*, Attorney Hyde to depose the Parascandolo's when Attorney Hyde came to their facility in Newport, RI on December 18, 2007 to attend the deposition Lt. Mark Crysler. Attorney Hyde refused this encouragement on the grounds that he would like to first

[6] This email, stating that Attorney Hyde would like to depose the "Parascandolos" is a testament that the he was well aware of the nature of the three companies operated by the same family engaging in a single fishing enterprise.

[7] Attorney for the plaintiffs, Stephen M. Ouellette was unavailable to attend depositions during these times, as he had other already scheduled matters.

analyze the tax information of the three companies before starting depositions. The only affirmative steps the Government has taken since then to depose the Parascandolo's is the very clause from the email attached in Exhibit 5 in the Opposition, which set forth times when conflicts existed, and Attorney Hyde made no attempt to follow up. Nonetheless, these witnesses remain available for deposition, and will be produced whenever the Defendant wishes them to be. Plaintiff wants the Defendant to have full disclosure, as to what it has offered, and continues to offer. It is disappointing that the defendant mischaracterizes the status of discovery by incorrectly asserting that the plaintiff has intentionally and disingenuously obfuscated facts by denying the defendant to conduct depositions.

The most compelling reason why the Defendant cannot honestly claim that it has been heretofore unaware of the extremely close relationship between the plaintiff and the two new plaintiffs sought to be added, however, is that the Defendant is estopped by its own conduct from asserting so. Indeed, it is crystal clear throughout the administration of this case that defendant has been treating all three companies as if they were one in the same. In discovery, the defendant requested that Seal Rock Trap Company, Inc. provide the employment and tax records of H.N. Wilcox Fishing, Inc. and N. Parascandolo & Sons, Inc., see Exhibit 4, p. 5 to Opposition, which the plaintiff provided. Clearly, if the companies were not so intertwined it would have been impossible for the plaintiff to provide the defendant with these documents. More importantly, if the defendant was unaware or was not put on sufficient notice as to the interrelationships of these companies, as it has alleged, then it certainly would have never requested these records in the first place. Immediately preceding the filing of this motion to amend, the defendant

served a subpoena duces tecum on the three companies compelling the production of further records, and still has the audacity to maintain with a straight face that it is unaware as to the unity of interest of these three companies. See Exhibit 6 to Opposition. Clearly, the only disingenuity exhibited here is that on behalf of the government.

**CONCLUSION**

As established above, because the claims of H.N. Wilcox Fishing, Inc. and N. Parascandolo & Sons, Inc. arise out of the same transaction and occurrence as that of Seal Rock Trap Company's, because the defendant has been sufficiently notified that the two new plaintiffs have the same identity of interest of the old plaintiff as to these claims, and because the defendant would not be prejudiced in any way if these two new plaintiffs were added, the new claims relate back to the original filing date of the complaint pursuant to Fed. R. Civ. P. 15(c). Plaintiff has offered to produce, and has produced the records of all, and the officers, employees and directors of the three entities are all the same and Plaintiff has agreed to produce all for depositions, which have not yet been taken. As such, the claims of the "new" parties are not really new, are not barred by the two year statute of limitations, are not futile, and should be ALLOWED to be brought in the interests of justice.

Respectfully submitted,
Seal Rock Trap Company, Inc,
By its attorneys,

/s/ Stephen M. Ouellette

Mass BBO#: 543752
Ouellette & Smith
127 Eastern Avenue, Suite 1
Gloucester, MA 01930
Phone: (978) 281-7788
FAX: (978) 281-4411

/s/ Mark A. McSally

Mark A. McSally
R.I. Bar ID#:3006
Kelly, Kelleher, Reilly & Simpson
146 Westminster St., Ste 500
Providence, RI 02903
Phone: (401) 272-1312
Fax: (401) 331-9397

DATED: March 3, 2008

**Certificate of Service**

I, Mark McSally, hereby certify I caused a true copy of the forgoing document to be served upon the clerk of the United States District Court in accordance with the applicable rules for electronic filing, this 3rd day of March, 2008.

/s/ *Mark A. McSally*
Mark A. McSally